IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KATHY BRADLEY, LOIS HESS and KAY KLAUSNER, | ) ) ) |
| Relators, | ) ) |
| vs. | ) No. 3:10-cv-00693-JPG-CJP ) |
| INNER-TITE CORP., | ) ) |
| Defendant. | ) |

**RELATORS' RESPONSE IN OPPOSITION TO
"DEFENDANT'S MOTION TO DISMISS" AND
"DEFENDANT'S MEMORANDUM
IN SUPPORT OF ITS MOTION TO DISMISS"**

Come Now Relators, Kathy Bradley, Lois Hess and Kay Klausner ("Relators"), by and through their undersigned attorneys, and for their "Response In Opposition To 'Defendant's Motion To Dismiss' And 'Defendant's Memorandum In Support Of Its Motion To Dismiss'" state as follows:

I.  **INTRODUCTION.**

Defendant, Inner-Tite Corp. ("Inner-Tite"), has filed a "Motion To Dismiss" and "Memorandum In Support Of Its Motion To Dismiss" (hereafter generally referred to as "Motion To Dismiss").  [Docs. 14, 15.]  Defendant claims, *inter alia*, that Relators' allegations do not satisfy the heightened pleading requirements of 9(b); and, that the False Marking Statute, 35 U.S.C. § 292, violates the "Take Care" clause of the U.S. Constitution, thereby requiring dismissal of this case.  Defendant's contrived interpretations of the applicable case law are inconsistent with the "rebuttable presumption" that the Federal Circuit clearly announced in *Pequignot v. Solo Cup, Company*, 608 F.3d 1356, 1362-63 (Fed. Cir. 2010).  As described more fully below, Defendant's Motion to Dismiss should be denied.  Relators have sufficiently alleged

that Defendant knowingly advertised or otherwise marked its products with expired patent numbers for the purpose of consciously deceiving the public.  Additionally, there is no doubt the False Marking Statute passes constitutional muster.

## II.     BACKGROUND.

As correctly noted by Defendant, Relators have filed this *qui tam* action against Inner-Tite pursuant to the False Marking Statute, 35 U.S.C. § 292.  [Doc. 3 – Complaint.]  Relators allege that sixteen (16) of Defendant's patents were expired, yet Defendant continued to mark and/or advertise its products with these expired patents, contrary to 35 U.S.C. § 292.  In its Motion to Dismiss, Inner-Tite side-steps the issue of whether the patents were actually expired, despite the fact that the '146 Patent, the '510 Patent, the '982 Patent and the '300 Patent expired for failure to pay a maintenance fee.[1]  [Doc. 3, ¶¶ 35, 36, 39, 40, 41, 42, 47, 48.]  Instead, Defendant diverts this Court's attention, stating:  "Even if one assumes as true the fact that Inner-Tite left markings for expired patents on its products, the conclusion that this was inadvertent, rather than intentionally done with the purpose of deceiving the public is just as plausible as the presumption of intent that Plaintiffs ask this Court to make."  [Doc. 3, p. 12.]   It is difficult to understand how Defendant can continue to advertise or otherwise mark products with patents that expired some 15+ years ago, especially where Relators allege Defendant's failure to pay maintenance fees, and still argue "inadvertence."   Nevertheless, this argument has nothing to do

---

[1] Payment of a maintenance fee is required by 35 U.S.C. §41.  See Declaration of Judy Cates, attached hereto as Exhibit 2, ¶¶ 6, 7 & 8 – with corresponding exhibits.

with the Rule 12(b)(6) or Rule 9(b) Motion To Dismiss filed by Inner-Tite.[2] This is not the time for Defendant to plead its case.[3]

Relators have gone to great lengths to identify the sixteen (16) patents at issue, attaching copies of each patent alleged to have expired. [Docs. 3-2, 3-3, 3-4, 3-5, 3-6, 3-7, 3-8, 3-9, 3-10, 4, 4-1, 4-2, 4-3, 4-4, 4-5, 4-6.] Relators have also attached photocopies of Inner-Tite's web pages that clearly advertise Inner-Tite's products with the expired patent numbers. [Doc. 4-7, 4-8, 4-9, 4-10, 4-11, 4-12, 4-13, 4-14, 4-15, 4-16, 4-17, 4-18, 4-19, 4-20.] Relators further allege that Defendant advertised or otherwise marked its products with the expired patents for the purpose of "consciously deceiving the public" into believing its products were covered by the expired patents. [Doc. 3, ¶¶ 67, 79, 91, 103, 115, 127, 139, 151, 163, 175, 187, 199, 211, 223, 235, 247.] Relators have alleged injuries to the United States in paragraphs 11-12 of their Complaint and in Counts I through XVI thereafter. [Doc. 3, ¶¶ 71, 83, 95, 107, 119, 131, 143, 155, 167, 179, 191, 203, 215, 227, 239, 251.] As set forth hereafter, these allegations, taken in combination, are sufficient for pleading a claim for false marking under 35 U.S.C. § 292, and Relators' allegations are entitled to a "rebuttable presumption" of the intent to deceive. *Pequignot v. Solo Cup, Company*, 608 F.3d 1356, 1362-63 (Fed. Cir. 2010).

### III.   LEGAL STANDARD - RULE 12(b)(6):

When considering a motion to dismiss under Rule 12(b)(6), a "court must construe the allegations in the complaint in the light most favorable to the plaintiffs, taking as true all well-pleaded facts in the complaint and drawing reasonable inferences in their favor." *Lively v.*

---

[2] Likewise, the aspersions cast by Inner-Tite against Relators for enforcing the laws of the United States have no place in this Motion To Dismiss. Whether Relators have filed other actions have nothing to do with the sufficiency of the allegations in this case. Contrary to Defendant's claim, Relators have not brought this action "on behalf of competitors" [Doc. 15, p. 3], nor are they required to do so, as more fully set forth herein. Inner-Tite merely attempts to avoid its own liability for false marking.

[3] As noted hereafter, a motion to dismiss under Rule 12(b)(6) takes all well-pleaded facts in the complaint as true.

*Dynegy, Inc.*, 420 F. Supp. 2d 949, 952 (S.D.Ill. 2006) (citing *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459 (7th Cir. 1993)); *see also*, *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 820 (7th Cir. 2009). "Dismissal for failure to state a claim is proper only if the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Id.* (citing *Alper v. Altheimer & Gray*, 257 F.3d 680, 684 (7th Cir. 2001) (additional citations omitted).

IV. **ARGUMENTS IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS.**

    A. **RELATORS HAVE SUFFICIENTLY PLED THEIR CLAIMS UNDER 35 U.S.C. § 292.**

As an initial matter, Defendant admits that "the Federal Circuit has yet to rule on whether false marking claims brought under Section 292 are subject to the pleading requirement of Rule 9(b)…" [Doc. 15, p. 5.] In fact, there remains a considerable amount of disagreement among district courts as to whether Rule 8(a) or Rule 9(b)'s heightened pleading standard applies to false marking claims under Section 292. *See Astec Am., Inc. v. Power-One, Inc.*, 2008 WL 1734833, at *12 (E.D. Tex. Apr. 11, 2008) (limiting Rule 9(b) to allegations of fraud and mistake); *Third Party Verification, Inc.* v. *SignatureLink, Inc.*, 492 F. Supp. 2d 1314, 1327 (M.D. Fla. 2007) (holding that Rule 8(a)'s pleading requirement applies); *Brinkmeier v. Graco Children's Prods. Inc.*, 684 F. Supp. 2d 548, 553 (D. Del. 2010) (stating that the parties dispute whether Rule 8(a)'s or Rule 9(b)'s pleading requirements apply); *but see Adv. Cartridge Techs., L.L.C. v. Lexmark Int'l*, 2010 WL 2640137, at *1 (M.D. Fla. June 30, 2010) (holding that the Rule 9(b) pleading standard applies to false marking claims); *Simonian*, 2010 WL 2523211, at *3 (same); *Juniper Networks v. Shipley*, 2009 WL 1381873, at *4 (N.D. Cal. May 14, 2009) (same).

Indeed, many district courts have noted that "courts have generally interpreted the scope of Rule 9(b) as limited to allegations of fraud or mistake." *Astec Am., Inc.*, 2008 WL 1734833, at *12 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002)); *Promote Innovation L.L.C. v. Ranbaxy Labs.*, 2010 WL 3120040, at *3 (E.D. Tex. July 14, 2010); *Leatherman v.*

*Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993) ("Rule 9(b) . . . impose[s] a particularity requirement in two specific instances . . . in all averments of fraud or mistake."); *Third Party Verification, Inc.*, 492 F. Supp. 2d at 1327 ("There is no case law that has required the Rule 9 level of pleading [for] claims for false marking.").

Under Rule 8(a), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard is higher under Rule 9(b), which requires a party alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

Whether Relators have stated a claim for false marking under Rule 9(b) or Rule 8(a), however, is largely academic because, as shown below, Relators' Complaint clearly satisfies either pleading standard.

### 1. RELATORS HAVE SUFFICIENTLY PLED THEIR CLAIMS UNDER RULE 9(b).

While a plaintiff must "state with particularity" the "circumstances constituting fraud," Rule 9(b) makes it clear that certain things "may be alleged generally," such as "intent, knowledge, and other conditions of a person's mind." Fed. R. Civ. P. 9(b). If Rule 9(b) applies, the relator must "allege[] fraud with particularity – which means the who, what, when, where, and how: the first paragraph of any newspaper story." *Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 853 (7th Cir. 2009) (quoting *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

Recently, in a well-reasoned opinion, District Judge Amy J. St. Eve issued an opinion that clearly supports denial of Defendant's Motion To Dismiss. (A copy of said opinion – *Simonian v. Blistex*, 2010 WL 4539450 (N.D. Ill. November 3, 2010) is attached hereto as Exhibit 1.) In *Simonian v. Blistex*, the court found Relators' Complaint stated a cause of action under Rule 9(b). Compare Judge St. Eve's findings with the arguments made here by Inner-Tite,

as they are almost identical.  In response, Judge St. Eve found as follows:

> Relator has pleaded that Blistex is a sophisticated company with lawyers familiar with intellectual-property issues. (R. 1 at 4-5.) The complaint also alleges that Blistex was aware or should have been aware that the '924 patent marked on its BLISTEX® products had expired. (*Id.* at 5.) Such well-pleaded facts "permit the court to infer more than the mere possibility of misconduct." *Iqbal,* 129 S.Ct. at 1950. Even though it is possible for a company falsely and knowingly to mark a product with an unexpired patent and yet not violate 35 U.S.C. § 292, Relator's cited allegations against Blistex make it more than plausible that Defendant did so to deceive the public. *Id.* at 1950 ("[A] complaint that states a plausible claim for relief survives a motion to dismiss.")

*Id*. at *4.

The reasoning used by Judge St. Eve should be followed by this Court and Defendant's Motion To Dismiss should be denied.  Moreover, Judge St. Eve was not the first judge from the Northern District of Illinois to deny a motion to dismiss under the False Marking statute.  In *Simonian v. Cisco Systems, Inc*., 2010 WL 3019964 (N.D. Ill. July 29, 2010), the court, after granting relator leave to amend his complaint, found relator had met the heightened pleading requirements of Rule 9(b) and allowed plaintiff's amendment.[4]  There, relator met the burden of stating the "who, what, where, when and how" requirements by specifically identifying the patents that had allegedly expired, the dates the patents had expired, and the products that were allegedly mismarked.

Likewise, in *Simonian v. Oreck Corporation*, 2010 WL 33485465 (N.D. Ill. August 23, 2010),[5] the court found that plaintiff had sufficiently pled a cause of action under Rule 9(b). There, plaintiff had alleged the numbers of the expired patents, and had attached pictures of at least one instance of the expired patent being marked on defendant's product.  The court found:

---

[4] In its Motion To Dismiss, Defendant cites *Simonian v. Cisco Systems, Inc.*, 2010 U.S. Dist. LEXIS 60752 (N.D. Ill. 2010) claiming the district court dismissed the Complaint.  Defendant did not, however, refer this Court to the subsequent ruling, as reflected in *Simonian v. Cisco Systems, Inc.*, 2010 WL 3019964 (N.D. Ill. July 29, 2010), cited herein.
[5] In *Oreck*, the parties agreed that Rule 9(b) applied to the pleading requirement. [*Oreck*, at *4, fn. 4.]

> In the Seventh Circuit, a plaintiff who provides a 'general outline of the fraud scheme' sufficient to 'reasonably notify the defendants of their purported role' in the fraud satisfies Rule 9(b)." *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec,* 237 F.R.D. 173, 175 (N.D.Ill.2006) (citing *Midwest Grinding Co., Inc. v. Spitz,* 976 F.2d 1016, 1020 (7th Cir.1992)). "Under Rule 9(b), a complaint's fraudulent scheme should include the 'who, what, when, where and how.' " *Judson,* 237 F.R.D. at 175 (citing *DiLeo v. Ernst & Young,* 901 F.2d 624, 626 (7th Cir.1990)). Defendants assert that Simonian has failed to allege the who, what, when, where and how to satisfy Rule 9(b). The court disagrees. Simonian has alleged that defendants (who) have deliberately and falsely marked (how), at least the Oreck XL Classic Power Team vacuum cleaner (what) with an expired patent, and have marketed and are currently marketing the falsely marked product(s) (when) throughout the Northern District of Illinois and the rest of the United States (where). Simonian has alleged the deceptive intent generally, which conforms to the requirements of Rule 9(b). For the above-mentioned reasons, the court rejects defendants' argument that the complaint is insufficient under Rule 9(b).

A fourth case, *Simonian v. Irwin Industrial Tool Co.*, 2010 WL 3488129 (N.D. Ill. August 27, 2010), is also very similar to the case herein. In *Irwin Industrial Tool*, "Plaintiff's complaint allege[d] that each false marking on Irwin's products 'is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products,' that upon information and belief such marking 'has wrongfully quelled competition with respect to such products to an immeasurable extent thereby causing harm to the United States,' and that such marking 'contributes to causing harm to the Plaintiff, the United States and the general public.'" *Irwin Industrial Tool Co*. at *2. These allegations are almost identical to the allegations made by Relators herein:

- "Each instance of false advertising and/or marking of Defendant's products is likely to, or at least has the potential to, discourage or deter persons and companies from making or selling similar or competing products or otherwise causing harm to the public, as set forth in paragraphs 11 through 14 above, thereby causing an injury in fact to the United States." [Doc. 3, ¶¶ 70, 82, 94, 106, 118, 130, 142, 154, 166, 178, 190, 202, 214, 226, 238, 250.]

- "By advertising, marking and continuing to advertise or otherwise mark its products with the '674 Patent without a reasonable belief that such products were covered by the '674 Patent, the United States has suffered an injury in

> fact causally connected to Defendant's misconduct in marking its products contrary to 35 U.S.C. § 292 that is likely to be redressed by the Court. *Stauffer v. Brooks Brothers, Inc.*, 2010 WL 3397419 (C.A.Fed. (N.Y.))." [Doc. 3, ¶¶ 71, 83, 95, 107, 119, 131, 143, 155, 167, 179, 191, 203, 215, 227, 239, 251.][6]

- Harm to the United States and the general public. [Doc. 3, ¶ 11, 12.]

As in *Blistex*, the *Irwin Industrial Tool* court rejected defendant's allegations that plaintiff failed to "adequately plead an intent to deceive the public." *Id*. at *2. The court explained:

> For this analysis, the Court accepts all well-pleaded allegations in the complaint as true, and draws all reasonable inferences in plaintiff's favor. *See Rodriguez v. Plymouth Ambulance Serv., 577 F.3d, 816, 820 (7th Cir.2009)*. The Court may grant Irwin's Rule 12(b)(6) motion to dismiss only if plaintiff's complaint lacks enough facts to "state a claim to relief that is plausible on its face." *See id. at 821* (quoting *Ashcroft v. Iqbal,* --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)).
>
> Plaintiff's complaint alleges that Irwin "is a sophisticated company" with "years of experience applying for, obtaining, and litigating patents." Plaintiff further alleges that Irwin has "in-house attorneys who regularly litigate or oversee litigation of patent infringement cases and who regularly prosecute or oversee patent prosecution." Plaintiff alleges that Irwin knew or should have known that the patent marked on the products at issue had expired, and alleges that Irwin intentionally included the expired patent on the products for the purpose of deceiving the public. Whether or not the particularity pleading requirement of Federal Rule of Civil Procedure 9(b) applies in this case, as Irwin contends, the Court concludes that plaintiff's allegations are sufficient at this stage to state a claim.

*Id*.

Relators' allegations, as noted above, are almost identical to those found sufficient in *Blistex* and *Irwin Industrial Tool*.

Both the *Blistex* court and the *Oreck* court needed nothing further than the general allegations of deceptive intent. The *Cisco Systems* court, as in *Irwin Industrial Tool*, examined

---

[6] The paragraphs listed are identical in language except for the patent number at issue in each respective count of the Complaint.

whether the pleadings "allege[d] sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *Exergen Corporation v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009)." *Simonian v. Cisco Systems, Inc*. at. *1. The *Blistex* court and the *Cisco Systems'* court concluded that *Simonian's* allegations regarding *Cisco's* patent portfolio, *Ciscos's* legal experience in the area of intellectual property, and the allegations of *Cisco's* intent to deceive were sufficient to allow the claim to proceed. Here, Relators have made similar allegations found sufficient by both the *Blistex* court and the *Cisco Systems'* Court. Defendant's Motion To Dismiss should be denied.

This Court should follow the well-reasoned opinions of the courts in the Northern District of Illinois that have found the allegations sufficient under Seventh Circuit precedent for Rule 9(b). As discussed *infra*, this case is better pled than the *Cisco Systems'* complaint or the *Oreck* complaint and is almost identical to the allegations found in *Blistex* and *Irwin Industrial Tool*. Relators have attached the patents and web pages advertising the products. Relators' Complaint alleges Defendant is a sophisticated business entity with extensive experience in the procurement, acquisition, and licensing of patents in the United States; that Defendant actively seeks and maintains a number of patents; that Defendant claims to own, or have licenses under, a substantial number of patents and patent applications; and, that Defendant has an in-house legal department (or otherwise retain attorneys) that is/are responsible for Defendant's intellectual property and ensuring compliance with marketing, labeling, and advertising laws.

Relators' Complaint clearly alleges that Inner-Tite falsely marked products for the purpose of *consciously deceiving* the public into believing that its products were covered by the expired patents and that Defendant intentionally included the expired patents on its products in a conscious attempt to prevent competitors from making and selling the same or similar or

competing products.  Taken together, these allegations support a reasonable inference that Defendant had knowledge that the patents at issue had expired, thus giving rise to the presumption of "intent to deceive."  Relators have alleged sufficient facts that allow this Court to reasonably infer that Defendant acted with the requisite state of mind.  Therefore, these representations are sufficient to meet the heightened pleading requirements of Rule 9(b).

Defendant's reference to *Juniper Networks v. Shipley*, 2009 WL 1381873 (N.D. Cal. May 14, 2009) insofar as it stands for the proposition that Relators have not adequately pled facts regarding the false marking on Defendant's website, is mistaken.  In *Juniper*, the facts were very different that those pled here.  The *Juniper* court was not faced with the marking of specific products with expired patent numbers.  The *Juniper* patents were not expired.  In *Juniper*, the defendant was using his website to advertise patent numbers for a product that did not exist.  However, the *Juniper* court correctly noted that "[t]he purpose of the statute is to protect the public from being misled as to whether a product is, in fact, subject to patent protection.  To the extent the public is not being solicited regarding the unpatented product, it is unclear how the alleged deception would harm the public, and thus, necessitate the protection of section 292(a)."  *Id*. at *3.  In this case, Relators have pled the "who, what, where and when" by specifically naming Inner-Tite as the culprit, by citing the expired patent number, by attaching the advertisement showing the product, and by providing the date of the false-marking.

For all of the foregoing reasons, Relators have satisfied Rule 9(b) by pleading both false marking and knowledge that the patents had expired.  As a result, the Complaint creates a rebuttable presumption that Defendant is liable for falsely marking the products at issue with the intent to deceive the public.  *Solo Cup*, 608 F.3d at 1362-63.  Defendant's Motion to Dismiss should be denied.

**2.   RELATORS HAVE SUFFICIENTLY PLED THEIR CLAIMS UNDER RULE 8(a).**

Under Rule 8(a), the Supreme Court has held that a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Section 292 requires that the false marking be done with the "purpose of deceiving the public." 35 U.S.C. § 292.

As the Federal Circuit has noted, "the fact of misrepresentation coupled with proof that the party making it had knowledge of its falsity is enough to warrant drawing the inference that there was a fraudulent intent." *Clontech Labs. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005). Thus, once the relator has pled that false marking has occurred and that the defendant had knowledge of the false marking, a "rebuttable presumption" arises that the defendant falsely marked its product with the intention of deceiving the public. *Solo Cup*, 608 F.3d at 1362 - 63.

Here, Relators have specifically alleged the numbers of the patents at issue, have alleged the dates the patents expired, have alleged the specific products that were advertised or otherwise marked with the expired patents and even attached the patents and exhibits showing the products as advertised. "[A]n article covered by a now-expired patent is "unpatented." *Solo Cup*, 608 F.3d at 1361. Further, "articles marked with expired patent numbers are falsely marked." *Id*. at 1362. "[T]he combination of a false statement and knowledge that the statement was false creates a rebuttable presumption of intent to deceive the public, rather than irrebuttably proving such intent. *Id*. at 1362-1363. Therefore, Relators have met the requirements of Rule 8(a) and Defendant's Motion To Dismiss should be denied.

### 3. RELATORS NEED NOT BE COMPETITORS OF DEFENDANT TO STATE A CLAIM.

In its Motion to Dismiss, Defendant implies that because Relators are not "competitors," they are not the proper parties to bring this *qui tam* action. This argument has no merit and ignores the language of the Federal Circuit Court in the recently decided case of *Stauffer v. Brooks Brothers, Inc.*, 2010 WL 3397419 (Fed. Cir. 2010). The *Stauffer* decision makes it clear that a *qui tam* plaintiff need not be a competitor in order to have standing to bring a claim. Specifically, the Court held:

> We also need not address whether *Stauffer's* alleged injuries to himself or his asserted injuries to competition give him standing, either individually or as a member of the public. *Stauffer's* standing arises from his status as "any person," and he need not allege more for jurisdictional purposes. …
>
> The standing doctrine is intended to require that the plaintiff is a proper person to bring the suit; it does not require that the plaintiff properly allege all of the elements of his claim. Thus, "standing does not depend on the merits of the plaintiff's contention that particular conduct is illegal"; it instead requires a claim to an injury of a legally cognizable right. 15 James Wm. Moore et al., *Moore's Federal Practice-Civil* ¶ 101.40[5][a]. By allowing any person to sue, Congress granted individuals a legally cognizable right to half of the penalty defined in section 292(a). Thus, *Stauffer* has sufficiently alleged (1) an injury in fact to the United States that (2) is caused by *Brooks Brothers'* alleged conduct, attaching the markings to its bow ties, and (3) is likely to be redressed, with a statutory fine, by a favorable decision. *See Lujan,* 504 U.S. at 560-61.

### B. 28 U.S.C. § 292 DOES NOT VIOLATE THE "TAKE CARE" CLAUSE OF THE CONSTITUTION.

Defendant claims that the False Marking Statute (28 U.S.C. § 292) violates the "Take Care" Clause because the procedural protections found in the False Claims Act, *i.e.* the right of the government to be notified, the right to intervene, the right to seek dismissal or settlement over the objection of the relator, and the right to prevent dismissal of the action, are absent under

the False Marking statute. [Doc. 15, p. 16.] This argument ignores the relevant statutes and case law which are applicable to False Marking cases.

Specifically, Defendant has ignored 35 U.S.C. 290, which requires:

The clerks of the courts of the United States, within one month after the filing of an action under this title, shall give notice thereof in writing to the Director, setting forth so far as known the names and addresses of the parties, name of the inventor, and the designating number of the patent upon which the action has been brought. If any other patent is subsequently included in the action he shall give like notice thereof. Within one month after the decision is rendered or a judgment issued the clerk of the court shall give notice thereof to the Director. The Director shall, on receipt of such notices, enter the same in the file of such patent.

Therefore, this statute mandates notice to the U.S. Patent & Trademark Office ("USPTO"). As reflected on the web site for the USPTO,

The United States Patent and Trademark Office (USPTO) is the Federal agency for granting U.S. patents and registering trademarks. In doing this, the USPTO fulfills the mandate of Article I, Section 8, Clause 8, of the Constitution that the Executive branch "promote the progress of science and the useful arts by securing for limited times to inventors the exclusive right to their respective discoveries." The USPTO registers trademarks based on the Commerce Clause of the Constitution (Article 1, Section 8, Clause 3). …. The USPTO advises the President of the United States, the Secretary of Commerce, and U.S. Government agencies on intellectual property (IP) policy, protection, and enforcement; and promotes the stronger and more effective IP protection around the world.

[http://www.uspto.gov/about/index.jsp]

Likewise, 15 U.S.C. 1116 requires that the clerks of the court provide similar notice.

Therefore, under the provisions of the United States Code, the Executive Branch receives notice. In this case, on the very same date that the Complaint was filed, the Clerk of the Court did, in fact, give notice and filed Form AO 120, a "Report On The Filing Or Determination Of An Action Regarding A Patent Or Trademark" with the Director of the U.S. Patent and Trademark Office. [Doc. 2.] (In fact, the Clerk actually filed the AO 120 form prior to Relators' Complaint.)

Defendant also ignores the long history of the Court's enforcement of *qui tam* actions and the more recent Federal Circuit Court decision in *Stauffer v. Brooks Brothers, Inc.* 2010 WL 3397419 (Fed. Cir. August 31, 2010).  In *Stauffer*, the district court dismissed plaintiff's claim for lack of Article III standing, and the government sought to intervene.  The district court denied the government's motion.  On appeal, the Federal Circuit found the district court had erred when it denied the government's motion to intervene under Rule 24(a)(2).  The Court stated:

> The government has an interest in enforcement of its laws and in one half the fine that *Stauffer* claims, disposing of the action would "as a practical matter impair or impede the [government's] ability to protect its interest," and *Stauffer* may not adequately represent that interest.  Rule 24(a)(2).  … Furthermore, the government would not be able to recover a fine from *Brooks Brothers* if *Stauffer* loses, as *res judicata* would attach to claims against *Brooks Brothers* for the particular markings at issue.  See <u>United States ex rel. Mergent Servs. v. Flaherty, 540 F.3d 89, 94 (2d Cir.2008)</u> ("[T]he United States might become bound by *res judicata* or collateral estoppel as a result of the actions of a *pro se* in bringing and losing a *qui tam* action.") (citing <u>Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1126-27 (9th Cir.2007)</u> ("*[Q]ui tam* relators are not prosecuting only their 'own case' but also representing the United States and binding it to any adverse judgment the relators may obtain.")).

*Stauffer*, at *7.

Clearly, the government has the right to intervene to protect its interests.  Indeed, the government has already intervened in false marking cases to defend the constitutionality of Section 292.  *See,* Exhibit 2, and "Brief Of The United States As Intervenor Defending The Constitutionality of 35 U.S.C. § 292," attached thereto as Exhibit A; "Supplemental Brief Of The United States As Intervenor Defending The Constitutionality Of 35 U.S.C. § 292," attached thereto as Exhibit B; and "Supplemental Reply Of The United States As Intervenor Defending The Constitutionality Of 35 USC § 292," attached thereto as Exhibit C.  Therefore, contrary to Defendant's arguments, the government has the power and authority to protect its interests, should it deem necessary.

Defendant also ignores the district court opinions in *Pequignot v. Solo Cup Co.,* 640 F. Supp. 2d 714 (E.D. Va. 2009) and *Zojo Solutions, Inc. v Stanley Works*, 2010 U.S. Dist. LEXIS 46407 (N.D. Ill. May 12, 2010), both of which addressed arguments raised (and rejected) by Defendant herein.  The district court in *Solo Cup* rejected the arguments advanced by Defendant for the following reasons.  First, the *Solo Cup* court noted:  that the long history of *qui tam* statutes was "highly persuasive as to their constitutionality" because "[i]t is unlikely that the framers would have written a Constitution that outlawed this practice, and then immediately passed several *qui tam* laws that unconstitutionally encroached on Executive Power."  640 F.Supp. at 727.

Additionally, in *Solo Cup*, the district court held that "it is not necessary for § 292(b) to meet the demanding standard applied by the Supreme Court in *Morrison* to withstand an Article II challenge, given that the intrusion of § 292(b) into the Executive Branch power is minor in comparison."[7]  640 F.Supp. at 727 (*citing Riley v. St. Luke's Episcopal Hosp.*, 252 F.3d 749, 755 (5th Cir. 2001) (en banc) (holding that "the *Morrison* control test… is simply not dispositive of [a challenge to the FCA], as it involves an entirely different lawsuit and requires entirely different control mechanisms."))  Lastly, the *Solo Cup* court recognized that:

> [D]espite the lack of control mechanisms in § 292(b) itself, the Executive Branch is not without the ability to assert its interests in a § 292(b) *qui tam* action.  The clerks of federal courts are required to notify the Director of the United States Patent and Trademark Office of *any* patent suits within one month of their filing.  *See* 35 U.S.C. § 290.  The United States may intervene in a *qui tam* action, either as of right, *see* Fed. R. Civ. P. 24(a)(2), or with a court's permission, *see* Fed. R. Civ. P. 24(b).  … Finally, the United States may apply for a protective order if the relator's action interferes with a government investigation or prosecution.  *See* Fed. R. Civ. P. 26(c).

---

[7] Specifically, the district court in *Solo Cup* noted that unlike the prosecutor in *Morrison*, a § 292 relator pursues a civil action, not a criminal one; the relator under § 292(b) must do so at his own expense; and that § 292(b) does not bar the government from initiating its own action, criminal or civil, to enforce the substantive false marking provisions of § 292(a).  *Solo Cup*, 640 F. Supp. 2d at 726-727.  Therefore, Defendant's reliance on *Morrison* is in error.

*Id.* at 727-728.).  *See also*, U.S. Brief, Ex. A, pgs. 5-10 (providing a detailed discussion of the history and enforcement of *qui tam* actions); *Kingsley Books, Inc. v. Brown*, 354 U.S. 436, 441 (1957) (acknowledging Congress' option to use *qui tam* actions as a means to deter proscribed conduct.); s*ee also*, U.S. Brief, Ex. A, at 23-25, fn. 11 (listing additional safeguards); U.S. Supp. Brief, Ex. B. at 7-8 (arguing that certain statutes and FRCPs provide the government with "adequate and necessary tools" to exert control over a § 292 action.

Similarly, in *Zojo Solutions, Inc. v. Stanley Works*, the district court for the Northern District of Illinois, *sua sponte*, rejected the same Article II argument presented by Defendant stating that the Federal Circuit, in *Forest Group Inc. v. Bon Tool Co.*, 590 F.3d 1295 (Fed. Cir. 2009), effectively answered and rejected the defendant's argument because "the Federal Circuit … would have been obligated to raise and address [a subject matter jurisdictional problem] *sua sponte*.  In a sense, then, that court's failure to speak of any potential problem of unconstitutionality could be viewed as confirming the validity of the statute."  2010 U.S. Dist. LEXIS 46407, a *6 (N.D. Ill. May 12, 2010).  Likewise, the Federal Circuit declined to raise any issues with Section 292 and Art. II in the *Solo Cup* appeal, even though the issue was specifically addressed by the district court.  *Solo Cup*, 2010 U.S. App. LEXIS 11820 (Fed. Cir. 2010). Accordingly, Defendant's Motion to Dismiss based upon a violation of the "Take Care" Clause must be denied.

**V.    CONCLUSION.**

For all of the foregoing reasons, Relators request this Court deny Defendant's Motion To Dismiss in its entirety.  Alternatively, should this Court grant any portion of Defendant's Motion To Dismiss, Relators request leave to amend their Complaint.  Under Federal Rule of Civil Procedure 15, a "court should freely give leave [to amend] when justice so requires."  Fed. R.

Civ. P. 15(a)(2). Thus, if the Court grants any portion of Defendant's Motion to Dismiss, such dismissal should be without prejudice to Relators amending their Complaint.

              Respectfully submitted,

              /s/  Judy L. Cates
              JUDY L. CATES # 00414743
              DAVID CATES # 06289198
              *The Cates Law Firm, L.L.C.*
              216 West Pointe Drive, Suite A
              Swansea, IL  62226
              Telephone: (618) 277-3644
              Facsimile: (618) 277-7882
              E-mail: jcates@cateslaw.com
                  dcates@cateslaw.com

              ***Attorneys for Relators, Kathy Bradley,***
              ***Lois Hess and Kay Klausner***

## PROOF OF SERVICE

   The undersigned certifies that a copy of Relators' "Response In Opposition To 'Defendant's Motion To Dismiss' And 'Defendant's Memorandum In Support Of Its Motion To Dismiss'" was electronically filed with the Clerk of Court of the United States District Court for the Southern District of Illinois by using the CM/ECF system which will send a Notice of Electronic Filing upon counsel of record of all parties on this 6th day of December, 2010.

              /s/  Judy L. Cates