IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS A. SIMONIAN, | ) | |
| | ) | |
| Relator, | ) | No. 10 CV 01201 |
| | ) | |
| v. | ) | Hon. Amy J. St. Eve |
| | ) | |
| BLISTEX, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Relator, Thomas A. Simonian, has brought a *qui tam* action against Defendant, Blistex, Inc., contending that Blistex has engaged in false patent marking in violation of 35 U.S.C. § 292. (R. 1.) Specifically, Simonian alleges that Defendant marked certain of its BLISTEX® products with U.S. Patent Number 4,887,924 after that patent had expired, thus contravening Section 292. (*Id.*)

Defendant has filed a motion to dismiss pursuant to Rules 12(b)(1), 12(b)(6) and 9(b), and in the alternative pursuant to Rule 12(c). (R. 26.) In light of the Federal Circuit's recent decision in *Stauffer v. Brooks Bros., Inc.*, 619 F.3d 1321 (2010), Blistex has relinquished its argument that the Court should dismiss the lawsuit under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction. (R. 38 at 1.) Defendant nevertheless maintains that the Court should dismiss the complaint with prejudice because the allegations fail to state a claim upon which relief could be granted. In particular, Blistex argues that the complaint does not give rise to a plausible right to relief because the allegations are "wholly speculative" as to Defendant's

1

alleged deceptive intent. (R. 27 at 10.) Defendant further contends that the allegations fail to satisfy the strictures of Rule 9(b), which require plaintiffs to plead fraud with particularity. (R. 27 at 9-13; R. 33 at 3-10; R. 38 at 1-3.)

For the reasons explained below, the Court denies Defendant's motion to dismiss.

### BACKGROUND

On February 23, 2010, Relator filed a complaint alleging false patent marking on the part of Blistex for alleged violations of 35 U.S.C. § 292. (R. 1.) Section 292 provides, in relevant part, that: "[w]hoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word "patent" or any word or number importing that the same is patented for the purpose of deceiving the public . . . [s]hall be fined not more than $500 for every such offense." 35 U.S.C. § 292.

Simonian alleged that Defendant marked its BLISTEX®-branded lip-balm products with the '924 patent, entitled "Angled Tip Applicator," which expired on February 19, 2008. (*Id.* at ¶¶ 10-16.) He further alleged that the offending packaging was designed and printed after the date of expiration. (*Id.* at ¶ 18.) The complaint further provides that Defendant is a sophisticated company, which has experience applying for, obtaining, and litigating patents. (*Id.* at ¶¶ 20-24, 28-29.) Relator also alleges that Blistex has an in-house legal department and has retained outside counsel, and that its attorneys have experience in the field of intellectual property. (*Id.* at ¶¶ 20-24.)

The instant case is one of several lawsuits that Simonian has brought in this District against various companies that he alleges have violated 35 U.S.C. § 292. *See, e.g.*, *Simonian v. Allergan, Inc.*, No. 10-CV-02414 (N.D. Ill.); *Simonian v. Amgen, Inc.*, 10-CV-01540 (N.D. Ill.);

*Simonian v. Adv. Vision Research, Inc.*, 10-CV-01310 (N.D. Ill.); *Simonian v. Oreck Corp. et al.*, 10-CV-1224; *Simonian v. Irwin Indus. Tool Co.*, 10-CV-1260 (N.D. Ill.); *Simonian v. Cisco Sys., Inc.*, No. 10-CV-1306 (N.D. Ill.). On June 21, 2010, Defendant filed the motion to dismiss that is presently before the Court. (R. 26.).

## LEGAL STANDARD

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Pursuant to Rule 8, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As the Seventh Circuit recently explained, this "[r]ule reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep Relators out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under the federal notice-pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) (holding that the amount of factual allegations required to state a plausible claim for relief depends on the complexity of the legal theory). "[W]hen ruling on a

3

defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009) (holding that the court construes complaints in the light most favorable to the plaintiff, drawing all possible inferences in the plaintiff's favor).

Beyond the requirements of Rule 12(b)(6), Rule 9(b) requires all allegations of fraud to be "state[d] with particularity," although "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "The rule requires the plaintiff to state the identity of the person who made the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 777 (7th Cir. 1994) (internal quotations omitted); *see also United States ex. rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 853 (7th Cir. 2009) (holding that alleging fraud with particularity "means the who, what, when, where, and how: the first paragraph of any newspaper story.") (quoting *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990)).

## ANALYSIS

### I. The Court Will Not Dismiss the Complaint Under Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). Blistex contends that the complaint in the present case fails to meet that standard. It bases this conclusion on three grounds. First, it observes that Simonian's allegations are repeatedly prefaced as being made "[u]pon information and belief" and suggests that this is insufficient to satisfy *Iqbal*. (R. 27 at 10.) Second, it

highlights what it perceives to be the complaint's "deficient pleading allegations of supposed deceptive intent." (*Id.* at 10.) Third, it argues that one alleging a violation of 35 U.S.C. § 292 must meet the heightened pleading requirements of Fed. R. Civ. P. 9(b) and submits that the complaint in the present case falls short of that standard. (*Id.* at 11-12.)

### A. Relators' Allegations Do Not Fail on Account of Their Being Based "Upon Information and Belief"

Blistex challenges the adequacy of the complaint, in part, based on its recurrent use of "upon information and belief." (R. 27 at 10; R. 33 at 5-6.) Relator's allegations do not fail on account of their use of these qualifiers.

The Seventh Circuit has held that "allegations . . . cannot be faulted for their reliance on 'information and belief.'" *Brown v. Budz*, 398 F.3d 904, 914 (7th Cir. 2005). Indeed, the court of appeals has made clear that, "[w]here pleadings concern matters peculiarly within the knowledge of the defendants, conclusory pleading on 'information and belief' should be liberally viewed.'" *Id.* (quoting *Tankersely v. Albright*, 514 F.2d 956, 964 n.16 (7th Cir. 1975)). Of course, *Brown* predates *Twombly* and *Iqbal*, which make clear that conclusory allegations do not satisfy Fed. R. Civ. P. 8(a). *Iqbal*, 129 S. Ct. at 1949, 1951; *Twombly*, 550 U.S. at 557. Nevertheless, nothing in either *Twombly* or *Iqbal* suggests that pleading based upon "information and belief" is necessarily deficient. The Court therefore concludes that pleading in this manner is not categorically improper, especially when information lies uniquely within the control of the defendant. *Accord Arista Records, L.L.C. v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010); *Smith v. Harvey*, No. 08-CV-816, 2010 WL 1292473, at *4 (N.D. Ill. Mar. 29, 2010); *Dudzienski v. Gordon Food Serv., Inc.*, No. 07-CV-4033, 2008 WL 4372720, at *2 (Mar. 19, 2008). The Court therefore declines to grant Defendant's motion to dismiss on account of many of Simonian's

allegations being rendered based upon "information and belief."

### B. The Complaint Is Not "Wholly Speculative" as to Defendant's Alleged Intent to Deceive the Public

Defendant observes that, in order to violate 35 U.S.C. § 292, one must mark an unpatented article with the word "patent" "for the purpose of deceiving the public." (*Id.* (citing 35 U.S.C. § 292) (emphasis omitted.)  The complaint alleges that Defendant engaged in mismarking with "intent to deceive the public and to gain a competitive advantage in the market" and that it "wrongfully quelled competition." (*Id.*)  These allegations, Blistex maintains, are "wholly speculative" and fail "to raise even a facial plausibility of Defendant's alleged deceitful intent." (*Id.*)  In support of this characterization, Defendant looks to the Federal Circuit's recent decision in *Pequignot v. Solo Cup Co.*, 608 F.3d 1356 (Fed. Cir. 2010), where the court held that "mere knowledge that a marking is false is insufficient to prove intent if [defendant] can prove that it did not consciously desire the result that the public be deceived." (R. 27 at 10.)

Blistex's argument is not well founded.  In the first place, Defendant conflates the legal standard applicable to motions to dismiss, on the one hand, and that which governs one's burden of proof at trial, on the other.  It is indeed true that a company may know a patent marking to be false and yet not violate 35 U.S.C. § 292 if it lacked the intent to deceive the public.  But it is abundantly clear that, to survive a motion to dismiss, a Relator need not plead facts that foreclose the possibility of its not prevailing at trial.  This proposition is not only self evident, but has been spelled out by the Supreme Court itself.  *See Iqbal*, 129 S. Ct. at 1949 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.").  Relator has pleaded that Blistex is a sophisticated company

6

with lawyers familiar with intellectual-property issues. (R. 1 at 4-5.) The complaint also alleges that Blistex was aware or should have been aware that the '924 patent marked on its BLISTEX® products had expired. (*Id.* at 5.) Such well-pleaded facts "permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 129 S. Ct. at 1950. Even though it is possible for a company falsely and knowingly to mark a product with an unexpired patent and yet not violate 35 U.S.C. § 292, Relator's cited allegations against Blistex make it more than plausible that Defendant did so to deceive the public. *Id.* at 1950 ("[A] complaint that states a plausible claim for relief survives a motion to dismiss.") Simonian's subsequent allegation that Blistex falsely marked the relevant products with "intent to deceive the public and to gain a competitive advantage in the market" merely bolsters this plausibility.

Second, *Solo Cup* does not support Defendant's position. The Federal Circuit did not have occasion to explore the contours of minimally sufficient pleading of an alleged violation of 35 U.S.C. § 292. *Solo Cup*, 608 F.3d at 1356, *passim*. Because *Solo Cup* reviewed a district court's grant of summary judgment, the opinion did not speak to the minimal facts that a plaintiff must allege to survive a motion to dismiss under Rule 12(b)(6). Indeed, *Solo Cup* holds that "the combination of a false statement and knowledge that the statement was false creates a rebuttable presumption of intent to deceive the public." *Id.* at 1362-63.

Blistex focuses its attack on Simonian's supposed failure to plead sufficient facts that it intended to deceive the public. (R. 27 at 10.) Yet Simonian has alleged, first, that Defendant falsely marked its BLISTEX® products and, second, that Defendant "knows, or should know . . ., that the . . . product is not covered by the expired '924 patent." (R. 1 at 3-6.) Accepting Relator's well-pleaded factual allegations as true, *Solo Cup* gives rise to a rebuttable

7

presumption of intent to deceive the public. *Solo Cup*, 608 F.3d at 1362-63. Simonian has therefore alleged sufficient facts with respect to Defendant's alleged deceitful intent. *Accord Iqbal*, 129 S. Ct. at 1949 ("A claim has facial plausibility when the Relator pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Third, there is no force to Blistex's argument that "not even a plausible motive to drive Defendant's alleged deceitful intent is supplied by Relator." (*Id.*) A company's desire to maximize profit, however, constitutes a plausible motive, given that false marking may temper the price-reducing effects of competition. *See Forest Group, Inc. v. Bon Tool Co.*, 590 F.3d 1295, 1302-03 (2009) ("Acts of false marking deter innovation and stifle competition in the marketplace. If an article that is within the public domain is falsely marked, potential competitors may be dissuaded from entering the same market. . . . The more articles that are falsely marked the greater the chance that competitors will see the falsely marked article and be deterred from competing.") (internal citations omitted). Indeed, the complaint alleges that Defendant engaged in the alleged false marking "to gain a competitive advantage in the market" and to maintain its market share. (R. 1 at 1, 7.)

### C. The Complaint Satisfies the Requirements of Fed. R. Civ. P. 9(b)

Blistex contends that an alleged violation of 35 U.S.C. § 292 sounds in fraud and therefore must meet the heightened pleading requirements of Fed. R. Civ. P. 9(b). (R. 27 at 11-12; R. 33 at 3-10.) Simonian contests that interpretation. (R. 32 at 12.) He argues that, in *Solo Cup*, the Federal Circuit drew a distinction between the applicable standards of proof for false-marking claims and inequitable-conduct claims, which "indicate that a false marking claim is

8

different than a 'regular' fraud-based claim, and that Rule 9(b) is, therefore inapplicable." (*Id.* at 12.)

The question whether heightened pleading is required for false-marking claims has divided the courts, though the vast majority answer the question in the affirmative. *Compare United States ex rel. Hallstrom v. Aqua Flora, Inc.*, No. 10-CV-01459, 2010 WL 4054243, at *5 (E.D. Cal. Oct. 15, 2010) (holding that "the false marking statute requires an intent to deceive, and thus, sounds in fraud. Therefore, Relator's complaint must meet the heightened pleading requirements of Rule 9(b)"); *The N.C. Farmers' Assistance Fund, Inc. v. Monstanto Co.*, No. 08-CV-409, 2010 WL 3817349, at *9 (M.D. N.C. Sept. 27, 2010); *Brinkmeier v. BIC Corp.*, No. 09-CV-860, 2010 WL 3360568, at *8 (D. Del. Aug. 25, 2010); *Hollander v. Etymotic Research, Inc.*, No. 10-CV-526, 2010 WL 2813015, at *7 (E.D. Pa. July 14, 2010); *Adv. Cartridge Techs., L.L.C. v. Lexmark Int'l, Inc.*, No. 10-CV-486, 2010 WL 2640137, at *1 (M.D. Fla. June 30, 2010); *Simonian v. Cisco Sys., Inc.*, No. 10-CV-1306, 2010 WL 2523211, at *3 (N.D. Ill. June 17, 2010); *Juniper Networks v. Shipley*, 2009 WL 1381873, at *4 (N.D. Cal. May 14, 2009) *with Third Party Verification, Inc. v. Signaturelink, Inc.*, 492 F. Supp. 2d 1314, 1327 (M.D. Fla. 2007) (noting that "[t]here is no case law that has required the Rule 9 level of pleading to claims for false marking").

The Court agrees with Defendant, as well as the vast majority of courts to have considered the question, that Rule 9(b) governs claims for false patent marking because such claims are sounded in fraud. Section 292 explicitly requires a plaintiff to establish that a defendant has intentionally deceived the public. 35 U.S.C. § 292. Furthermore, the Federal Circuit has explained that the false-marking statute is a criminal one. *Solo Cup*, 608 F.3d at

1363. These considerations, in conjunction with the overwhelming weight of case law that has addressed the issue, support Rule 9(b)'s application to Section 292 claims.

Simonian's complaint satisfies the strictures of Rule 9(b). The law of the Seventh Circuit requires that a plaintiff filing a complaint under Rule 9(b) allege "the who, what, when, where, and how" of the alleged fraud. *Rao v. BP Prods. N. Am., Inc.*, 589 F.3d 389, 401 (7th Cir. 2009) (quoting *DiLeo*, 901 F.2d at 627). The "who" is Blistex. The "what" is Defendant's allegedly falsely marked BLISTEX® medicated lip-ointment products and the '924 patent. The "when" is after the expiration of the '924 patent. The "where" is on the product packaging of the accused product. The "how" is marking the relevant products with the expired patent numbers. The allegations are sufficiently detailed, therefore, to meet the requirements of Rule 9(b). *Accord Simonian v. Irwin Indus. Tool Co.*, No. 10-CV-1260, 2010 WL 3488129, at *2 (N.D. Ill. Aug. 27, 2010); *Simonian v. Oreck Corp.*, No. 10-CV-1224, 2010 WL 3385465, at *4 (N.D. Ill. Aug. 23, 2010).

Defendant is to correct to observe that the complaint does not plead facts alleging intentional deception with particularity. (R. 27 at 10.) It is well established, however, that Rule 9(b) does not require a plaintiff or relator to allege intent in that manner. The rule requires instead that "intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). As explained above, the Complaint's alleged facts satisfy that standard, as the well-pleaded facts give rise to an inference of intent.

## II. Defendant Is Not Entitled to Judgment on the Pleadings Under Rule 12(c)

Blistex argues in the alternative that it is entitled to judgment on the pleadings under Rule 12(c) because Simonian "has not, and apparently cannot, allege any plausible evidence of

Defendant's alleged deceitful intent." (R. 27 at 13.) In light of its determination that Relator has sufficiently pleaded his allegations of deceitful intent, the Court rejects this argument.

## CONCLUSION

For the preceding reasons, the Court denies Defendant's motion to dismiss.

Dated: November 3, 2010

                                ENTERED

                                *[signature]*

                                **AMY J. ST. EVE**
                                **United States District Court Judge**