# Chapter 2500  Maintenance Fees

2501 **Introduction**
2504 **Patents Subject to Maintenance Fees**
2506 **Times for Submitting Maintenance Fee Payments**
2510 **Submission of Maintenance Fee Payments and Documents**
2515 **Information Required for Submission of Maintenance Fee Payment**
2520 **Maintenance Fee Amounts**
2522 **Methods of Payment**
2530 **Special Acceptance of Maintenance Fee Payments Containing Informalities**
2531 **Payment Late or Insufficient**
2532 **Duplicate Payments**
2540 **Fee Address for Maintenance Fee Purposes**
2542 **Change of Correspondence Address**
2550 **Small Entity Status**
2560 **Revocation of Power of Attorney and Withdrawal of Attorney**
2570 **Maintenance Fee Payment Status Requests**
2575 **Notices**
2580 **Review of Decision Refusing to Accept and Record Payment of a Maintenance Fee Filed Prior to Expiration of Patent**
2590 **Acceptance of Delayed Payment of Maintenance Fee in Expired Patent to Reinstate Patent**
2591 **Intervening Rights in Reinstated Patents**
2595 **Forms**

## 2501  Introduction [R-7]

*35 U.S.C. 41.  Patent fees; patent and trademark search systems.*

\*\*\*\*\*

(b) MAINTENANCE FEES. — The Director shall charge the following fees for maintaining in force all patents based on applications filed on or after December 12, 1980:

(1) 3 years and 6 months after grant, $900.
(2) 7 years and 6 months after grant, $2,300.
(3) 11 years and 6 months after grant, $3,800.

Unless payment of the applicable maintenance fee is received in the United States Patent and Trademark Office on or before the date the fee is due or within a grace period of 6 months thereafter, the patent will expire as of the end of such grace period. The Director may require the payment of a surcharge as a condition of accepting within such 6-month grace period the payment of an applicable maintenance fee. No fee may be established for maintaining a design or plant patent in force.

(c)(1) The Director may accept the payment of any maintenance fee required by subsection (b) of this section which is made within twenty-four months after the six-month grace period if the delay is shown to the satisfaction of the Director to have been unintentional, or at any time after the six-month grace period if the delay is shown to the satisfaction of the Director to have been unavoidable. The Director may require the payment of a surcharge as a condition of accepting payment of any maintenance fee after the six-month grace period. If the Director accepts payment of a maintenance fee after the six-month grace period, the patent shall be considered as not having expired at the end of the grace period.

(2) A patent, the term of which has been maintained as a result of the acceptance of a payment of a maintenance fee under this subsection, shall not abridge or affect the right of any person or that person's successors in business who made, purchased, offered to sell, or used anything protected by the patent within the United States, or imported anything protected by the patent into the United States after the 6-month grace period but prior to the acceptance of a maintenance fee under this subsection, to continue the use of, to offer for sale, or to sell to others to be used, offered for sale, or sold, the specific thing so made, purchased, offered for sale, used, or imported. The court before which such matter is in question may provide for the continued manufacture, use, offer for sale, or sale of the thing made, purchased, offered for sale, or used within the United States, or imported into the United States, as specified, or for the manufacture, use, offer for sale, or sale in the United States of which substantial preparation was made after the 6-month grace period but before the acceptance of a maintenance fee under this subsection, and the court may also provide for the continued practice of any process that is practiced, or for the practice of which substantial preparation was made, after the 6-month grace period but before the acceptance of a maintenance fee under this subsection, to the extent and under such terms as the court deems equitable for the protection of investments made or business commenced after the 6-month grace period but before the acceptance of a maintenance fee under this subsection.

\*\*\*\*\*

Note: During fiscal years 2005 and 2006>, and extended through fiscal year 2008<, 35 U.S.C. 41(b) shall be administered as reproduced above.

Public Law 96-517, enacted December 12, 1980, established the requirement to pay maintenance fees for applications filed on or after that date. The statutory provisions regarding maintenance fees have been subsequently modified by Public Law 97-247, enacted August 27, 1982; Public Law 98-622, enacted November 8, 1984; Public Law 102-204, enacted December 10, 1991; Public Law 102-444, enacted October 23, 1992; Public Law 105-358, enacted November 10, 1998; Public Law 106-113, enacted November 29, 1999; \* Public Law 108-447, enacted December 8, 2004>; Public Law 109-289, enacted September 29, 2006; Public Law 109-369, enacted November 17, 2006; Public Law 109-383, enacted December 9, 2006; Public Law 110-5, enacted February 15, 2007; Public Law 110-92, enacted September

Case 3:10-cv-00693-JPG-CJP    Document 20-11    Filed 12/06/10    Page 2 of 28

29, 2007; Public Law 110-116, enacted November 13, 2007; Public Law 110-137, enacted December 14, 2007; Public Law 110-149, enacted December 21, 2007; and Public Law 110-161, enacted December 26, 2007.<

## I.    MAINTENANCE FEE BRANCH

The Maintenance Fee Branch of the Receipts Accounting Division of the Office of Finance provides specialized advice and guidance to the public on maintenance fee matters.

The Maintenance Fee Branch determines the proper status of issued patents which are subject to payment of maintenance fees, receives and processes fee transmittals, updates small entity status, responds to public inquiries on post-issuance status and maintenance fees, determines if patents have expired, and determines if maintenance fees are timely and properly computed. This Branch also generates the data necessary to produce *Official Gazette* notices of maintenance fees due and of expiration of patents due to failure to pay maintenance fees.

## II.    OFFICE OF **>PATENT APPLICATION PROCESSING<

The Office of **>Patent Application Processing (OPAP)< updates patent post issuance automated files with the following information:

(A) Changes of Correspondence Address
(B) Powers of Attorney and Revocations Thereof
(C) Withdrawals of Attorneys and Agents
(D) Changes to Entity Status

The official mailing address for submitting requests to update all post-issuance patent information is:

Director of the United States Patent and Trademark Office
Mail Stop Post Issue
P.O. Box 1450
Alexandria, Virginia 22313-1450

## 2504    Patents Subject to Maintenance Fees [R-7]

*37 CFR 1.362. Time for payment of maintenance fees.*

(a) Maintenance fees as set forth in §§ 1.20(e) through (g) are required to be paid in all patents based on applications filed on or after December 12, 1980, except as noted in paragraph (b) of this section, to maintain a patent in force beyond 4, 8 and 12 years after the date of grant.

(b) Maintenance fees are not required for any plant patents or for any design patents. Maintenance fees are not required for a reissue patent if the patent being reissued did not require maintenance fees.

(c) The application filing dates for purposes of payment of maintenance fees are as follows:

(1) For an application not claiming benefit of an earlier application, the actual United States filing date of the application.

(2) For an application claiming benefit of an earlier foreign application under 35 U.S.C. 119, the United States filing date of the application.

(3) For a continuing (continuation, division, continuation-in-part) application claiming the benefit of a prior patent application under 35 U.S.C. 120, the actual United States filing date of the continuing application.

(4) For a reissue application, including a continuing reissue application claiming the benefit of a reissue application under 35 U.S.C. 120, the United States filing date of the original non-reissue application on which the patent reissued is based.

(5) For an international application which has entered the United States as a Designated Office under 35 U.S.C. 371, the international filing date granted under Article 11(1) of the Patent Cooperation Treaty which is considered to be the United States filing date under 35 U.S.C. 363.

(d) Maintenance fees may be paid in patents without surcharge during the periods extending respectively from:

(1) 3 years through 3 years and 6 months after grant for the first maintenance fee,

(2) 7 years through 7 years and 6 months after grant for the second maintenance fee, and

(3) 11 years through 11 years and 6 months after grant for the third maintenance fee.

(e) Maintenance fees may be paid with the surcharge set forth in § 1.20(h) during the respective grace periods after:

(1) 3 years and 6 months and through the day of the 4th anniversary of the grant for the first maintenance fee.

(2) 7 years and 6 months and through the day of the 8th anniversary of the grant for the second maintenance fee, and

(3) 11 years and 6 months and through the day of the 12th anniversary of the grant for the third maintenance fee.

(f) If the last day for paying a maintenance fee without surcharge set forth in paragraph (d) of this section, or the last day for paying a maintenance fee with surcharge set forth in paragraph (e) of this section, falls on a Saturday, Sunday, or a federal holiday within the District of Columbia, the maintenance fee and any necessary surcharge may be paid under paragraph (d) or paragraph (e) respectively on the next succeeding day which is not a Saturday, Sunday, or Federal holiday.

(g) Unless the maintenance fee and any applicable surcharge is paid within the time periods set forth in paragraphs (d), (e) or (f) of this section, the patent will expire as of the end of the grace period set forth in paragraph (e) of this section. A patent which expires for the failure to pay the maintenance fee will expire at the end of the same date (anniversary date) the patent was granted in the 4th, 8th, or 12th year after grant.

(h) The periods specified in §§1.362 (d) and (e) with respect to a reissue application, including a continuing reissue application thereof, are counted from the date of grant of the original non-reissue application on which the reissued patent is based.

Maintenance fees are required to be paid on all patents based on applications filed on or after December 12, 1980, except for plant patents and design patents. Furthermore, maintenance fees are not required for a reissue patent if the patent being reissued did not require maintenance fees. Where there are multiple continuation/divisional reissues of an original patent, the maintenance fee must be directed to the *>latest< reissue patent. **>35 U.S.C. 41 does not provide for charging of more than one maintenance fee for the multiple reissues. Only one maintenance fee is required for all the multiple reissue patents that replaced the single original patent. See MPEP § 1415.01.<

Application filing dates for purposes of determining whether a patent is subject to payment of maintenance fees are as follows:

(A) For an application not claiming benefit of an earlier application, the actual United States filing date of the application.

(B) For an application claiming benefit of an earlier foreign application under 35 U.S.C. 119(a)-(d), the actual United States filing date of the application.

(C) For a continuing (continuation, division, continuation-in-part) application claiming the benefit of a prior patent application under 35 U.S.C. 120, the actual United States filing date of the continuing application.

(D) For a reissue application, including a continuing reissue application claiming the benefit of a reissue application under 35 U.S.C. 120, the United States filing date of the original nonreissue application on which the patent reissued is based.

(E) For an international application that has entered the United States as a Designated Office under 35 U.S.C. 371, the international filing date granted under Article 11(1) of the Patent Cooperation Treaty which is considered to be the United States filing date under 35 U.S.C. 363.

## 2506   Times for Submitting Maintenance Fee Payments [R-2]

>Maintenance fees <u>cannot</u> be paid in advance since 35 U.S.C. 41(f) permits maintenance fees to be adjusted every year on October 1 to reflect any fluctuations during the previous 12 months in the Consumer Price Index as determined by the Secretary of Labor.<

37 CFR 1.362(d) sets forth the time periods when the maintenance fees for a utility patent can be paid without surcharge. Those periods, referred to generally as the "window period," are the 6-month periods preceding each due date. The "due dates" are defined in 35 U.S.C. 41(b). The window periods are (1) 3 years to 3 1/2 years after the date of issue for the first maintenance fee payment, (2) 7 years to 7 1/2 years after the date of issue for the second maintenance fee payment, and (3) 11 years to 11 1/2 years after the date of issue for the third and final maintenance fee payment. A maintenance fee paid on the last day of a window period can be paid without surcharge. The last day of a window period is the same day of the month the patent was granted 3 years and 6 months, 7 years and 6 months, or 11 years and 6 months after grant of the patent.

37 CFR 1.362(e) sets forth the time periods when the maintenance fees for a utility patent can be paid with surcharge. Those periods, referred to generally as the "grace period," are the 6-month periods immediately following each due date. The grace periods are (1) 3 1/2 years and through the day of the 4th anniversary of the grant of the patent, (2) 7 1/2 years and through the day of the 8th anniversary of the grant of the patent and, (3) 11 1/2 years and through the day of the 12th anniversary of the grant of the patent. A maintenance fee may be paid with the surcharge on the same date (anniversary date) the patent was granted in the 4th, 8th, or 12th year after grant to prevent the patent from expiring.

Maintenance fees for a reissue patent are due based upon the schedule established for the original utility patent. The filing of a request for *ex parte* or *inter partes* reexamination and/or the publication of a reexamination certificate does not alter the schedule of maintenance fee payments of the original patent.

If the day for paying a maintenance fee falls on a Saturday, Sunday, or a Federal holiday within the Dis-

trict of Columbia, the maintenance fee may be paid on the next succeeding day that is not a Saturday, Sunday, or Federal holiday. For example, if the window period for paying a maintenance fee without a surcharge ended on a Saturday, Sunday, or a Federal holiday within the District of Columbia, the maintenance fee can be paid without surcharge on the next succeeding day that is not a Saturday, Sunday, or a Federal holiday within the District of Columbia. Likewise, if the grace period for paying a maintenance fee with a surcharge ended on a Saturday, Sunday, or a Federal holiday within the District of Columbia, the maintenance fee can be paid with surcharge on the next succeeding day that is not a Saturday, Sunday, or a Federal holiday within the District of Columbia. In the latter situation, the failure to pay the maintenance fee and surcharge on the next succeeding day that is not a Saturday, Sunday, or a Federal holiday within the District of Columbia will result in the patent expiring on a date (4, 8, or 12 years after the date of grant) earlier than the last date on which the maintenance fee and surcharge could be paid. This situation results from the provisions of 35 U.S.C. 21, but those provisions do not extend the expiration date of the patent if the maintenance fee and any required surcharge are not paid when required. For example, if the grace period for paying a maintenance fee with a surcharge ended on a Saturday, the maintenance fee and surcharge could be paid on the next succeeding business day, e.g., Monday, but the patent will have expired at midnight on Saturday if the maintenance fee and surcharge were not paid on the following Monday. Therefore, if the maintenance fee and any applicable surcharge are not paid, the patent will expire as of the end of the grace period as listed above. A patent that expires for failure of payment will expire on the anniversary date the patent was granted in the 4th, 8th, or 12th year after the grant.

## 2510 Submission of Maintenance Fee Payments and Documents [R-7]

### I. SUBMISSION OVER THE INTERNET

Maintenance fee payments can be made quickly and easily over the Internet at www.uspto.gov by electronic funds transfer (EFT), credit card or deposit account payment methods. >Maintenance fee payments cannot be submitted by using EFS-Web.< For additional information regarding maintenance fee, go to www.uspto.gov, at the top of the page, click on the "Site Index" link, click on "M," and then click on "Maintenance **>Fee Branch<" link. See MPEP § 509 and § 2522 for additional information pertaining to payments by credit card and payments by deposit account.

### II. SUBMISSION BY MAIL

**>Maintenance fee payments not electronically submitted over the Internet, and correspondence related to maintenance fees may be addressed to:

Director of the United States Patent and Trademark Office
Attn: Maintenance Fee
2051 Jamieson Avenue, Suite 300
Alexandria, Virginia 22314<

37 CFR 1.366(b) provides that the certificate of mailing procedures of 37 CFR 1.8 or the mailing by "Express Mail" provisions of 37 CFR 1.10 may be utilized in paying maintenance fees. The specific requirements of either 37 CFR 1.8 or 1.10 must be fully complied with if the benefits of either are desired. See MPEP § 512 and § 513.

### III. SUBMISSION BY FACSIMILE

Payment of a maintenance fee is accepted via facsimile, when charged to a deposit account or to a credit card. Credit Card Payment Form (PTO-2038) should be used if payment is made by credit card. See MPEP § 509 and § 2522. In addition, requests pertaining to post-issuance documents, such as change of correspondence address, assignment of fee address, etc., may be submitted by facsimile.

37 CFR 1.366(b) provides that the certificate of transmission procedure of 37 CFR 1.8 may be utilized in paying maintenance fees. The specific requirements of 37 CFR 1.8 must be fully complied with if the benefits thereof are desired. See MPEP § 512.

### IV. SUBMISSION BY HAND DELIVERY

Maintenance fee payments may be hand-carried to the Office of Finance receptionist in Suite 300 of the Carlyle Place Building, 2051 Jamieson Avenue, Alex-

andria, VA 22314. Although the receptionist will not process the maintenance fee payment, if the payment is delivered with an itemized postcard, the receptionist will provide a delivery receipt by date stamping the postcard. The maintenance fee payment should be placed in an envelope with MAINTENANCE FEE written in dark ink across the envelope.

## 2515 Information Required for Submission of Maintenance Fee Payment [R-7]

*37 CFR 1.366. Submission of maintenance fees.*

(a) The patentee may pay maintenance fees and any necessary surcharges, or any person or organization may pay maintenance fees and any necessary surcharges on behalf of a patentee. Authorization by the patentee need not be filed in the Patent and Trademark Office to pay maintenance fees and any necessary surcharges on behalf of the patentee.

(b) A maintenance fee and any necessary surcharge submitted for a patent must be submitted in the amount due on the date the maintenance fee and any necessary surcharge are paid. A maintenance fee or surcharge may be paid in the manner set forth in § 1.23 or by an authorization to charge a deposit account established pursuant to § 1.25. Payment of a maintenance fee and any necessary surcharge or the authorization to charge a deposit account must be submitted within the periods set forth in § 1.362(d), (e), or (f). Any payment or authorization of maintenance fees and surcharges filed at any other time will not be accepted and will not serve as a payment of the maintenance fee except insofar as a delayed payment of the maintenance fee is accepted by the Director in an expired patent pursuant to a petition filed under § 1.378. Any authorization to charge a deposit account must authorize the immediate charging of the maintenance fee and any necessary surcharge to the deposit account. Payment of less than the required amount, payment in a manner other than that set forth § 1.23, or in the filing of an authorization to charge a deposit account having insufficient funds will not constitute payment of a maintenance fee or surcharge on a patent. The procedures set forth in § 1.8 or § 1.10 may be utilized in paying maintenance fees and any necessary surcharges.

(c) In submitting maintenance fees and any necessary surcharges, identification of the patents for which maintenance fees are being paid must include the patent number, and the application number of the United States application for the patent on which the maintenance fee is being paid. If the payment includes identification of only the patent number (*i.e.*, does not identify the application number of the United States application for the patent on which the maintenance fee is being paid), the Office may apply the payment to the patent identified by patent number in the payment or may return the payment.

(d) Payment of maintenance fees and any surcharges should identify the fee being paid for each patent as to whether it is the 3 1/2-, 7 1/2-, or 11 1/2-year fee, whether small entity status is being changed or claimed, the amount of the maintenance fee and any

surcharge being paid, and any assigned customer number. If the maintenance fee and any necessary surcharge is being paid on a reissue patent, the payment must identify the reissue patent by reissue patent number and reissue application number as required by paragraph (c) of this section and should also include the original patent number.

(e) Maintenance fee payments and surcharge payments relating thereto must be submitted separate from any other payments for fees or charges, whether submitted in the manner set forth in § 1.23 or by an authorization to charge a deposit account. If maintenance fee and surcharge payments for more than one patent are submitted together, they should be submitted on as few sheets as possible with the patent numbers listed in increasing patent number order. If the payment submitted is insufficient to cover the maintenance fees and surcharges for all the listed patents, the payment will be applied in the order the patents are listed, beginning at the top of the listing.

(f) Notification of any change in status resulting in loss of entitlement to small entity status must be filed in a patent prior to paying, or at the time of paying, the earliest maintenance fee due after the date on which status as a small entity is no longer appropriate. See § 1.27(g).

(g) Maintenance fees and surcharges relating thereto will not be refunded except in accordance with §§1.26 and 1.28(a).

37 CFR 1.366 establishes the guidelines and procedures for submission of maintenance fees, including any necessary surcharges. The patentee may pay maintenance fees and any necessary surcharges or any person or organization may pay maintenance fees and any necessary surcharges on behalf of the patentee without filing in the Office evidence of authorization by the patentee to pay maintenance fees. This will enable patentees to pay the maintenance fees and any necessary surcharges themselves or authorize some person or organization to pay maintenance fees and any necessary surcharges on their behalf. No verification of the authority to pay maintenance fees and any necessary surcharges in a particular patent will be made by the Office. While anyone may pay the maintenance fees and any necessary surcharges on a patent, if the payment is accepted by the Office, any Office notices relating to maintenance fees and any necessary surcharges will be mailed to the "fee address" set forth in 37 CFR 1.363. If the payment is not accepted by the Office, it will be returned to the person who submitted the payment if a return address is available. It is strongly recommended that the payor should include a return address along with his or her telephone number since the Office may contact the payor in some instances when it is unclear to which patent the fees are to be applied. See MPEP § 2530.

A maintenance fee and any necessary surcharge for a patent must be submitted in the amount due on the date the maintenance fee and any necessary surcharge are paid, and at the proper time, i.e., within the periods set forth in 37 CFR 1.362. If the amount of the maintenance fee is correct on the date it is paid and credited to the patent, a later change in the maintenance fees to reflect a new fee amount will not require a modification in the amount paid.

37 CFR 1.366(c) provides that a maintenance fee payment must include the patent number and the application number on which the maintenance fee is being paid. If the payment includes identification of only the patent number (i.e., does not identify the application number for the patent on which the maintenance fee is being paid), the Office may apply the payment to the patent identified by patent number in the payment or may return the payment. See MPEP § 2530. The application number required to be submitted is not that of a prior parent application, but rather the application number of the actual application that matured into the patent for which maintenance fees are to be paid. If the maintenance fee and any necessary surcharge is being paid on a reissue patent, the application number required is that of the reissue application.

If a patent expires because the maintenance fee and any necessary surcharge have not been paid in the manner required by 37 CFR 1.366, the patentee could proceed under 37 CFR 1.378 (see MPEP § 2590), if appropriate, or could file a petition under 37 CFR 1.377 (see MPEP § 2580) within the period set therein seeking to have the maintenance fee accepted as timely even though not all of the required identifying data was present prior to expiration of the grace period.

Under 37 CFR 1.366(d), the following information should also be submitted for each patent on which a maintenance fee or surcharge is paid (37 CFR 1.366(d)):

(A) the fee year (i.e., 3 1/2, 7 1/2, or 11 1/2 year fee);

(B) the amount of the maintenance fee and any surcharge being submitted;

(C) any assigned customer number; and

(D) whether small entity status is being changed or claimed with the payment.

Where the payment is a maintenance fee and any necessary surcharge on a reissue patent, in addition to the information requested for all payments, it is requested that the original patent number be furnished. Although the submission of the information requested under 37 CFR 1.366(d) is not mandatory, it would expedite the processing of maintenance fee payments.

The Maintenance Fee Transmittal Form, PTO/SB/45 should be used when submitting maintenance fees >by mail or by facsimile transmission<. This form is available, upon request, from the Maintenance Fee Branch. It is also available from the USPTO website (>http://www.uspto.gov/web/forms/index.html#patent<).

The Office processes fees in the order in which they are presented. If the payment submitted is insufficient to cover the maintenance fees and surcharges for all patents listed, and there is no general authorization to charge a deposit account, the payment will be applied in the order the patents are listed, beginning at the top of the listing.

## 2520    Maintenance Fee Amounts [R-5]

37 CFR 1.20(e)-(h) sets the fee amounts for the maintenance fees and the grace period surcharge. The maintenance fee amounts are subject to adjustment to reflect fluctuations occurring in the Consumer Price Index pursuant to 35 U.S.C. 41(f). The maintenance fee amounts (37 CFR 1.20(e)-(h)) are subject to a 50% reduction for small entities pursuant to 35 U.S.C. 41(h). The Maintenance Fee Branch and the USPTO website (www.uspto.gov) may be contacted for the current maintenance fee amounts.

The term of a patent might be shortened, e.g., by a terminal disclaimer. If a patent will expire part way between the due dates set in 35 U.S.C. 41(b), or between the latest due date and the term set in 35 U.S.C. 154, it is still required that the entire maintenance fee amount for the due date be paid. The maintenance fee amount is set by statute (subject to periodic adjustment), and cannot be prorated to cover only the amount of time past the due date before the patent expires.

37 CFR 1.366(g) provides that maintenance fees and surcharges relating thereto will not be refunded except in accordance with 37 CFR 1.26 and 1.28(a). A patentee cannot obtain a refund of a maintenance fee

*>that< was due and payable on the patent. Any duplicate payment will be refunded to the fee *>submitter<.

## 2522    Methods of Payment [R-5]

The method of payment for the maintenance fee and any necessary surcharge is set forth in 37 CFR 1.23. The payment shall be made in U.S. dollars and in the form of a cashier's or certified check, Treasury note, national bank notes, or United States Postal Service money order as provided in 37 CFR 1.23(a). If the maintenance fee and any necessary surcharge is sent in any other form, the Office may delay or cancel the credit until collection is made. For example, a personal or other uncertified check drawn on a U.S. bank that is not immediately negotiable, e.g., because it lacks a signature or due to insufficient funds, will not constitute payment of a maintenance fee and/or surcharge.

The maintenance fee can be charged to a credit card as set forth in 37 CFR 1.23(b), but credit for the payment is subject to actual receipt of the fee by the Office. Credit Card Payment Form (PTO-2038) should be used for payment of fees by credit card unless the payment is submitted over the Internet. If credit card information is provided on a form or document other than the form provided by the Office for the payment of fees by credit card, the Office will not be liable if the credit card number becomes public knowledge. See MPEP § 509.

Any remittance from a foreign country must be payable and immediately negotiable in the United States for the full amount of the maintenance fee and/or surcharge required.

37 CFR 1.366(b) provides that maintenance fees and any necessary surcharge may be paid by authorization to charge a deposit account established pursuant to 37 CFR 1.25. The authorization to charge the deposit account must be submitted within an appropriate window or grace period and must be limited to maintenance fees and surcharges payable on the date of submission. The authorization to charge the deposit account cannot be submitted prior to the third, seventh, or eleventh year after grant of the patent. If an authorization to charge a deposit account were submitted to pay the maintenance >fee< due at 3 years and 6 months after grant, a new authorization to charge a deposit account or other form of payment

will have to be submitted at the appropriate time for each of the maintenance fees due at 7 years and 6 months and 11 years and 6 months. Any payment or authorization filed at any time other than that set forth in 37 CFR 1.362(d), (e), or (f) will not serve as a payment of the maintenance fee, except insofar as a delayed payment of the maintenance fee is accepted by the Commissioner pursuant to 37 CFR 1.378. See MPEP § 2590. A payment of less than the required amount, a payment in a manner other than that set forth in 37 CFR 1.23, or the filing of an authorization to charge a deposit account having insufficient funds, will not constitute payment of a maintenance fee on a patent. The authorization is required to permit the immediate charging of the maintenance fee to the deposit account. An authorization would be improper if it only authorized the maintenance fee to be charged at a later date, e.g., on the last possible day of payment without surcharge. Such an authorization would not serve as payment of the maintenance fee. Any payment which fails to result in the entire proper amount of the maintenance fee being present on the due date will not constitute payment of the maintenance fee.

Maintenance fee payments and any surcharges relating thereto must be submitted separately from any other payments for fees or charges, whether submitted in the manner set forth in 37 CFR 1.23 or by authorization to charge a deposit account. See 37 CFR 1.366(e). Maintenance fee payments and surcharge payments relating thereto that are commingled with payments for other fees or charges, e.g., application filing fees, issue fees, document supply fees, etc., will not be accepted. Maintenance fees require processing by a separate area of the Office and are not processed in the same manner as other fees and charges. Maintenance fees for a number of patents can be submitted together in one submission and one payment. 37 CFR 1.366(e) specifies that if maintenance fee payments for more than one patent are submitted together, they should be submitted on as few sheets as possible, listing the patent numbers in increasing patent number order. If the payment submitted is insufficient to cover the maintenance fees and any surcharges for all the listed patents, the payment will be applied in the order the patents are listed. In such a circumstance the maintenance fee and any surcharge for one or more of the last listed patents will not be paid.

Money orders and checks must be made payable to the Director of the United States Patent and Trademark Office. (Checks made payable to the Commissioner of Patents and Trademarks will continue to be accepted. See 37 CFR 1.23 (a)). Remittances from foreign countries must be payable and immediately negotiable in the United States for the full amount required.

It is not suggested that cash be sent by mail. However, if cash is sent it will be at the risk of the sender and should be sent via registered mail.

## 2530 Special Acceptance of Maintenance Fee Payments Containing Informalities [R-5]

It is strongly recommended that a maintenance fee submission >by mail or facsimile< include both a telephone number and a mailing address for the fee submitter because, provided the fee is sufficient, the Office **>may< attempt to contact the submitter by telephone and/or by mail to confirm the patent to which the fee is to be applied. >If the Office specially accepts a payment under any one of scenarios I – III below, a Notice of Special Acceptance of Patent Maintenance Fee (PTO-2143) will be mailed to the submitter that identifies the patent number and application number to which the maintenance fee was applied and requests the submitter to verify that the payment was applied as intended. If the payment was not applied to the intended patent, a petition (such as a petition under 37 CFR 1.377) must be filed. If the petition is not filed within 2 months of the date of the notice (PTO-2143), the petition may be dismissed as untimely, and relief may have to be pursued under 37 CFR 1.378(c).

### I. PATENT NUMBER SUPPLIED BUT NO APPLICATION NUMBER SUPPLIED<

If a maintenance fee payment identifies only the patent number (i.e., does not identify the application number for the patent on which the maintenance fee is being paid), the Office may apply the payment to the patent identified by the patent number in the payment or may return the payment. See 37 CFR 1.366 (c). **

### II. PATENT NUMBER AND APPLICATION NUMBER SUPPLIED BUT THEY DO NOT CORRESPOND

When a patent number and an application number are both supplied, but they do not correspond to the same patent, the Office will **> generally apply the payment to the patent identified by the patent number, if possible. Even if the payment is sufficient and timely to pay the maintenance fee due in the patent identified by the patent number, the Office may return the payment if additional information on the payment submission is inconsistent with the patent identified by the patent number. The Office may even apply the payment to the patent identified by the application number if the additional information corroborates that patent. Such may be the case, for example, where the fee submitter is the addressee named in the correspondence address or fee address of the patent identified by the application number.<

### III. NO PATENT NUMBER SUPPLIED BUT APPLICATION NUMBER SUPPLIED

If a maintenance fee is due on the patent identified by the application number and the payment submitted is sufficient, the Office **>may apply the payment to the patent (provided additional corroborating information is present) or may return the payment.<

>
## 2531 Payment Late or Insufficient [R-2]

Examples of when a payment of maintenance fees and any necessary surcharges will be considered to be late or insufficient include instances when:

(A) Though a payment was received, additional funds are required due to surcharge or fee increase;

(B) Though a payment was received in an amount for small entity, the patented file records do not indicate that an assertion of small entity status was received; or

(C) The payment was received after the patent expired.

If the Office considers a payment to be late or insufficient, a notice (e.g., a Notice of Non-Acceptance of Patent Maintenance Fee (PTO-2142)) will be sent to the "fee submitter." Reply to the notice is required prior to expiration of the grace period pro-

vided by 37 CFR 1.362(e) in order to avoid the expiration of the patent. If a reply is not received prior to expiration of the patent, then an appropriate petition under 37 CFR 1.377 or 37 CFR 1.378 is required. See MPEP § 2580 and § 2590.

If a payment is deemed insufficient because the payment was submitted in the small entity amount but no written assertion of entitlement to small entity status has been filed, a Notice of Non-Acceptance of Small Entity Patent Maintenance Fee (PTO-2140) will be mailed to the fee submitter. See MPEP § 2550 for information on establishing or changing an entity status for the purpose of paying a maintenance fee.<

> 
## 2532    Duplicate Payments [R-2]

In the event a maintenance fee is submitted (hereafter, duplicate payment) in the required amount (including any necessary surcharge) within the payment window for the patent identified for payment, but the same maintenance fee for that patent was already paid by a previous fee submitter (hereafter, first fee submitter), the Office intends to treat the duplicate from the second fee submitter as follows:

(A) If the duplicate payment does not comply with 37 CFR 1.366(c) by not containing both the patent number and the corroborating application number, the Office will return the duplicate payment to the second fee submitter with an indication that the maintenance fee for the patent was already paid.

(B) If the duplicate payment does comply with 37 CFR 1.366(c) by containing both the patent number and the corroborating application number, the Office will verify that the first payment was properly processed.

(1) If the first payment was properly processed, the Office will return the duplicate payment to the second fee submitter. In this event the returned payment will be accompanied by identification of the first fee submitter.

(2) If a review of the Office record of the first maintenance fee payment reveals that the first payment was not properly processed (e.g., did not comply with 37 CFR 1.366(c) or was not specially accepted in accordance with MPEP § 2530), the Office will attempt to determine whether the first payment should have been applied to a patent other than the patent identified under 37 CFR 1.366(c) by the second fee

submitter. Based on this determination the Office will: (a) attempt to apply the duplicate payment (and retract the first payment); or (b) return the duplicate payment to the second fee submitter with identification of the first fee submitter.<

## 2540    Fee Address for Maintenance Fee Purposes  [R-7]

*37 CFR 1.363.  Fee address for maintenance fee purposes.*

(a) All notices, receipts, refunds, and other communications relating to payment or refund of maintenance fees will be directed to the correspondence address used during prosecution of the application as indicated in § 1.33(a) unless:

(1) A "fee address" for purposes of payment of maintenance fees is set forth when submitting the issue fee, or

(2) A change in the correspondence address for all purposes is filed after payment of the issue fee, or

(3) A "fee address" or a change in the "fee address" is filed for purposes of receiving notices, receipts and other correspondence relating to the payment of maintenance fees after the payment of the issue fee, in which instance, the latest such address will be used.

(b) An assignment of a patent application or patent does not result in a change of the "correspondence address" or "fee address" for maintenance fee purposes.

(c) A fee address must be an address associated with a Customer Number.

Generally, notices, receipts, and other communications relating to the payment of a maintenance fee will be directed to the correspondence address used during the prosecution of the application, unless a "fee address" for the purpose of payment of the maintenance fee has been designated or a change in the correspondence address has been made (see MPEP § 2542). 37 CFR 1.33(d) allows a correspondence address or change thereto to be filed during the enforceable life of the patent. Patentees should ensure that the Office is properly notified of the proper "fee address" to which all maintenance fee communications are to be directed.

Under the statutes and rules, the Office has no duty to notify patentee of the requirement to pay maintenance fees or to notify patentee when the maintenance fee is due. It is solely the responsibility of the patentee to ensure that the maintenance fee is paid timely to prevent expiration of the patent. The failure to receive the reminder notice will not shift the burden of monitoring the time for paying a maintenance fee from the patentee to the Office. The Office will attempt to assist patentees through the mailing of a

Maintenance Fee Reminder in the grace period. However, the failure to receive a Maintenance Fee Reminder will not relieve the patentee of the obligation to timely pay the appropriate maintenance fee to prevent expiration of the patent, nor will it constitute unavoidable delay if the patentee seeks to reinstate the patent under 37 CFR 1.378(b). See *In re Patent No. 4,109,763*, 7 USPQ2d 1798 (Comm'r Pat. 1988), *aff'd sub nom. Rydeen v. Quigg*, 748 F. Supp. 900, 16 USPQ2d 1876 (D.D.C. 1990), *aff'd*, 937 F.2d 623 (Fed. Cir. 1991) (table), *cert. denied*, 502 U.S. 1075 (1992). Maintenance fee correspondence will not be directed to more than one address.

37 CFR 1.363(c) states that "[a] fee address must be an address associated with a Customer Number." Only an address represented by a customer number can be established as the fee address for maintenance fee purposes. The use of the following form(s) is suggested when requesting establishment of a fee address: a current version of the "Fee Address" Indication Form (PTO/SB/47), and if necessary, a Request for Customer Number (PTO/SB/125). If a customer number was previously acquired from the Office for the address being designated as the fee address, that customer number should be entered on the "Fee Address" Indication Form (PTO/SB/47) to make the fee address designation. If no customer number was previously acquired from the Office< for the address being designated as the fee address, then the "Fee Address" Indication Form (PTO/SB/47) should be accompanied by a completed Request for Customer Number (form PTO/SB/125). See MPEP § 403 concerning customer number practice.

It is recommended that only a current version of the "Fee Address" Indication Form (PTO/SB/47) **>**available at the USPTO website (www.uspto.gov/web/forms/index.html#patent)**<** be used when designating a fee address.

At the time of issue fee payment, applicants may designate a fee address by submitting a "Fee Address" Indication Form (PTO/SB/47) as an attachment to the Issue Fee Transmittal (PTOL-85B). After issue fee payment, applicants may designate a fee address by submitting a "Fee Address" Indication Form (PTO/SB/47), and if necessary, a Request for Customer Number (PTO/SB/125), to the address specified on the "Fee Address" Indication Form (PTO/SB/47).

All fee addresses established at the Office will be represented by a customer number, even if the fee address designation lacks an explicit request that a customer number be used for this purpose (e.g., in the event that an outdated "Fee Address" Indication Form (PTO/SB/47), or equivalent form, is submitted without an accompanying Request for Customer Number (PTO/SB/125)).

The current version of the "Fee Address" Indication Form (PTO/SB/47) is available upon request from the Maintenance Fee Branch and from the USPTO website (www.uspto.gov). The Request for Customer Number (PTO/SB/125) is available upon request from the Electronic Business Center and from the USPTO website (www.uspto.gov). Requests for the establishment of a fee address should be submitted to the Maintenance Fee Branch prior to or at the time of payment of maintenance fees in order to ensure that receipt of payment is directed to the fee address.

Additional patent numbers may be assigned to a customer number at any time, upon written request.

## 2542    Change of Correspondence Address [R-7]

Unless a fee address has been designated, notices, receipts, and other communications relating to the patent will generally be directed to the correspondence address (37 CFR 1.33) used during the prosecution of the application. Practitioners of record when the patent issues who do not wish to receive correspondence relating to maintenance fees must change the correspondence address in the patented file or provide a fee address to which such correspondence should be sent. It is not required that a practitioner file a request for permission to withdraw pursuant to 37 CFR 1.36 solely for the purpose of changing the correspondence address in a patented file.

The correspondence address should be updated or changed as necessary to ensure that all communications are received in a timely manner. A change of correspondence address may be made as provided in 37 CFR 1.33(a). The correspondence address may be changed as provided in 37 CFR 1.33(a)(1) prior to the filing of an oath or declaration. After an oath or declaration has been executed and filed by at least one inventor, the correspondence address may be changed as provided in 37 CFR 1.33(a)(2).

Requests for a change of the correspondence address may be sent to the Office of **>Patent Application Processing< during the enforceable life of the patent. To ensure accuracy and to expedite requests for change to the correspondence address, it is suggested that the request include both the patent number and the application number. The Office form, Change of Correspondence Address, Application (PTO/SB/122) may be used to request a change of correspondence address in a patent application. The Office form, Change of Correspondence Address, Patent (PTO/SB/123) may be used to request a change of correspondence address for an issued patent.

## 2550   Small Entity Status [R-2]

In order to establish small entity status for the purpose of paying a maintenance fee, a written assertion of entitlement to small entity status must be filed prior to or with the maintenance fee paid as a small entity. A written assertion is only required to be filed once and will remain effective until changed.

37 CFR 1.366(f) serves as a reminder to patentees of the necessity to check for the loss of small entity status prior to paying each maintenance fee on a patent. This is also a requirement of 37 CFR 1.27(g). The notification of any change in status resulting in loss of entitlement to small entity status must be filed in a patent prior to paying, or at the time of paying, the earliest maintenance fee due after the date on which status as a small entity is no longer appropriate. If status as a small entity has been previously established by filing an assertion of small entity status and such status is checked and found to be proper, no notification is required. It is not necessary to file a new assertion establishing small entity status at this point if the status as a small entity has been established and is still proper even if rights have been transferred to a small entity after the assertion of small entity status. The requirement is to notify the Office of the loss of entitlement and to pay the maintenance fee in the proper amount for other than a small entity where appropriate. The refund provisions of 37 CFR 1.28(a) for later submitted small entity assertions do apply to maintenance fees.

>If a payment is submitted that conflicts with the Office record of the patentee's entity status, a notice relating to entity status will be sent to the fee submitter. A Notice of Overpayment of Patent Maintenance Fee (PTO-211) will be sent if the payment was submitted in the large entity amount, but Office records indicate that the patentee is a small entity. A Notice of Non-Acceptance of Small Entity Patent Maintenance Fee (PTO-2140) will be sent if the payment was submitted in the small entity amount, but Office records indicate that the patentee is a large entity.

Where a Notice of Overpayment of Patent Maintenance Fee (PTO-211) is sent, the time period for reply depends on whether the reply requires additional money for sufficient payment of the large entity maintenance fee. Where no additional money is required, the fee submitter will be given a non-extendable ONE MONTH period from the mailing date of the notice to file a written notification of change in status from small to large entity. Note that if no additional money was required for sufficient payment of the large entity maintenance fee on the date the payment was received, no additional money will be required with the timely reply even if the patent entered the grace period under 37 CFR 1.362 (e) after the mailing date of the notice. Where additional money is required, the reply (including the additional money and the written notification of change in status from small to large entity) must be filed within the earlier of: (A) a non-extendable ONE MONTH period from the mailing date of the notice; or (B) any time remaining under 37 CFR 1.362, including the grace period provided by 37 CFR 1.362(e). Note that if a previously unpaid surcharge has come due by the time the reply requiring additional money is filed, sufficient payment will require payment of the surcharge as well as any additional money required to complete the large entity maintenance fee amount. Absent a timely reply to the Notice of Overpayment of Patent Maintenance Fee (PTO-211), the Office will apply the small entity maintenance fee payment amount to the patent and refund the overpayment amount. Accordingly, if the patentee is actually entitled to small entity status, no reply to the Notice of Overpayment of Patent Maintenance Fee (PTO-211) is necessary. In the event money was refunded by the Office as an "overpayment amount," but the patentee is a large entity, provided the patent has not already expired, the fee submitter must file a resubmission of the refunded money together with the required written notification of change in status from small to large entity within the time remaining under 37 CFR 1.362, including the

grace period provided by 37 CFR 1.362(e). In this situation, if the original payment amount received by the Office is less than the current amount required for sufficient payment of the large entity maintenance fee, the resubmitted money previously refunded by the Office as an "overpayment amount" must be accompanied by additional money.

Where a Notice of Non-Acceptance of Small Entity Patent Maintenance Fee (PTO-2140) is sent, the reply must be filed within the earlier of: (A) an non-extendable ONE MONTH period from the mailing date of the notice; or (B) any time remaining under 37 CFR 1.362, including the grace period provided by 37 CFR 1.362(e). The requirements of the reply depend on whether the patentee is entitled to small entity status. If the patentee is entitled to small entity status, a written assertion of entitlement to small entity status is required together with any additional money required for sufficient payment of the small entity maintenance fee. If the patentee is a large entity patentee, the reply must include payment of the additional money required for sufficient payment of the large entity maintenance fee. Note that if a previously unpaid surcharge under 37 CFR 1.362(e) has come due by the time the reply is filed, sufficient payment will require payment of the surcharge as well as any additional money required to complete the required maintenance fee amount. Absent a timely reply to the Notice of Non-Acceptance of Small Entity Patent Maintenance Fee (PTO-2140), the Office will refund the amount received. If the amount received was refunded and the patentee is a small entity, provided the patent has not already expired, sufficient payment of the small entity maintenance fee and the required written assertion of entitlement to small entity status must be filed within the time remaining under 37 CFR 1.362, including the grace period provided by 37 CFR 1.362(e). If the amount received was refunded and the patentee is a large entity, provided the patent has not already expired, sufficient payment of the large entity maintenance fee must be filed within the time remaining under 37 CFR 1.362, including the grace period provided by 37 CFR 1.362(e).<

## 2560    Revocation of Power of Attorney and Withdrawal of Attorney [R-7]

The revocation or withdrawal of an attorney may be submitted at any time; however, it is recommended that it be done well prior to the date a maintenance fee is due.

When processing a revocation of a power of attorney, the Office of **>Patent Application Processing< forwards copies of the completed action to the requester and the attorney being removed. Also, a copy is placed in the original file .

When processing a withdrawal of an attorney, the Office of **>Patent Application Processing< forwards copies of the completed action to the attorney and the patent owner.

It should be noted that an assignment does not act as a revocation of power of attorney for authorization previously given. However, the assignee may revoke a previous power of attorney. See 37 CFR 3.71 and 3.73.

## 2570    Maintenance Fee Payment Status Requests [R-7]

The Maintenance Fee Branch will respond to requests for the maintenance fee payment status of patents. Maintenance fee status can be requested by telephone. Telephone status requests are limited to two patent numbers per telephone call. In addition, maintenance fee status information is available over the Internet at www.uspto.gov. At the top of the site, click on the "Site Index" link, click on "M," and then click on the "Maintenance **>Fee Branch<" link for additional information. See MPEP § 1730 for the telephone number.

## 2575    Notices [R-5]

Under the statutes and the regulations, the Office has no duty to notify patentees when their maintenance fees are due. It is the responsibility of the patentee to ensure that the maintenance fees are paid to prevent expiration of the patent. The Office will, however, provide some notices as reminders that maintenance fees are due, but the notices, errors in the notices or in their delivery, or the lack or tardiness of notices will in no way relieve a patentee from the responsibility to make timely payment of each maintenance fee to prevent the patent from expiring by operation of law. The notices provided by the Office are courtesies in nature and intended to aid patentees. The Office's provision of notices in no way shifts the burden of monitoring the time for paying

maintenance fees on patents from the patentee to the Office.

>

## I. < PREPRINTED STANDARD NOTICES

The patent grant currently includes a reminder notice that maintenance fees may be due. The Notice of Allowance currently includes a reminder notice that maintenance fees may be due.

>

## II. < *OFFICIAL GAZETTE* NOTICE

A notice will appear in each issue of the *Official Gazette* which will indicate which patents have been granted 3, 7, and 11 years earlier, that the window period has opened, and that maintenance fee payments will now be accepted for those patents.

Another *Official Gazette* notice published after expiration of the grace period will indicate any patent which has expired due to nonpayment of maintenance fees and any patents which have been reinstated. An annual compilation of such expirations and reinstatements will also be published.

>

## III. < MAINTENANCE FEE REMINDERS

Since patentees are expected to maintain their own record and docketing systems and since it is expected that most patentees will pay their maintenance fees during the window period to avoid payment of a surcharge, the Office will not send any reminder notices to the patentee until after the grace period has begun. This will reduce and simplify the mailing of notices but still give patentees an opportunity to pay their maintenance fee with surcharge during the grace period before expiration of their patents. The Office will mail any Maintenance Fee Reminder to the fee address as set forth in 37 CFR 1.363. See MPEP § 2540.

>

## IV. < RECEIPT NOTICES

The Office will issue a receipt for payment of maintenance fees >submitted by mail or facsimile< after entry of the maintenance fee payment. Such a receipt, >which is sent to the fee address (if no fee address, then the correspondence address),< will provide an opportunity for the patentee >or fee submitter< to check if the Office has properly credited the payment.

**

>

## V. < EXPIRATION NOTICES

The Office will mail a Notice of Patent Expiration to the fee address as set forth in 37 CFR 1.363 when Office records indicate that a patent has expired for failure to pay a required maintenance fee.

## 2580 Review of Decision Refusing to Accept and Record Payment of a Maintenance Fee Filed Prior to Expiration of Patent [R-5]

*37 CFR 1.377. Review of decision refusing to accept and record payment of a maintenance fee filed prior to expiration of patent.*

(a) Any patentee who is dissatisfied with the refusal of the Patent and Trademark Office to accept and record a maintenance fee which was filed prior to the expiration of the patent may petition the Director to accept and record the maintenance fee.

(b) **>Any petition under this section must be filed within two months of the action complained of, or within such other time as may be set in the action complained of, and must be accompanied by the fee set forth in § 1.17(g). The petition may include a request that the petition fee be refunded if the refusal to accept and record the maintenance fee is determined to result from an error by the Patent and Trademark Office.<

(c) Any petition filed under this section must comply with the requirements of § 1.181(b) and must be signed by an attorney or agent registered to practice before the Patent and Trademark Office, or by the patentee, the assignee, or other party in interest.

37 CFR 1.377 provides a mechanism for review of a decision refusing to accept and record payment of a maintenance fee filed prior to the expiration of a patent. 37 CFR 1.377(a) permits a patentee who is dissatisfied with the refusal of the Office to accept and record a maintenance fee which was filed prior to the expiration of the patent to petition the Director to accept and record the maintenance fee. This petition may be used, for example, in situations where an error is present in the identifying data required by 37 CFR 1.366(c) with the maintenance fee payment, i.e., either the patent number or the application number is incorrect. See MPEP § 2515 and § 2530. A petition under 37 CFR 1.377 would not be appropriate where there is a complete failure to include at least one correct mandatory identifier as required by 37 CFR

1.366(c) for the patent since no evidence would be present as to the patent on which the maintenance fee was intended to be paid. If the maintenance fee payment with an incorrect mandatory identifier was made near the end of the grace period, the patent might expire since the Office would not credit the fee to the patent. A petition under 37 CFR 1.377 would not be appropriate where the patentee paid a maintenance fee on one patent when the patentee intended to pay the maintenance fee on a different patent but through error identified the wrong patent number and application number. Likewise, a petition under 37 CFR 1.377 would not be appropriate where the entire maintenance fee payment, including any necessary surcharge, was not filed prior to expiration of the patent.

Any petition filed under 37 CFR 1.377 must be filed within 2 months of the action complained of, or within such other time as may be set in the action complained of. The petition must be accompanied by the proper petition fee >(37 CFR 1.17(g))<. The petition may include a request that the petition fee be refunded if the refusal to accept and record the maintenance fee is determined to have resulted from an error by the Office.

Any petition filed under 37 CFR 1.377 must comply with the requirements of 37 CFR 1.181(b) and must be signed by an attorney or agent registered to practice before the Office, or by the patentee, the assignee, or other party in interest. A person or organization whose only responsibility insofar as the patent is concerned is the payment of a maintenance fee is not a party in interest for purposes 37 CFR 1.377. If the petition is signed by a person not registered to practice before the Office, the petition must indicate whether the person signing the petition is the patentee, assignee, or other party in interest. An assignee must comply with the requirements of 37 CFR 3.73(b) which is discussed in MPEP § 324.

Any petition under 37 CFR 1.377 should be marked on the front page of the communication to the attention of the Office of Petitions and addressed as follows:

Mail Stop Petition

Commissioner for Patents

P.O. Box 1450

Alexandria, Virginia 22313-1450

## 2590 Acceptance of Delayed Payment of Maintenance Fee in Expired Patent to Reinstate Patent [R-7]

*37 CFR 1.378. Acceptance of delayed payment of maintenance fee in expired patent to reinstate patent.*

(a) The Director may accept the payment of any maintenance fee due on a patent after expiration of the patent if, upon petition, the delay in payment of the maintenance fee is shown to the satisfaction of the Director to have been unavoidable (paragraph (b) of this section) or unintentional (paragraph (c) of this section) and if the surcharge required by § 1.20(i) is paid as a condition of accepting payment of the maintenance fee. If the Director accepts payment of the maintenance fee upon petition, the patent shall be considered as not having expired, but will be subject to the conditions set forth in 35 U.S.C. 41(c)(2).

(b) Any petition to accept an unavoidably delayed payment of a maintenance fee filed under paragraph (a) of this section must include:

(1) the required maintenance fee set forth in §1.20 (e)-(g);

(2) the surcharge set forth in § 1.20(i)(1); and

(3) a showing that the delay was unavoidable since reasonable care was taken to ensure that the maintenance fee would be paid timely and that the petition was filed promptly after the patentee was notified of, or otherwise became aware of, the expiration of the patent. The showing must enumerate the steps taken to ensure timely payment of the maintenance fee, the date and the manner in which patentee became aware of the expiration of the patent, and the steps taken to file the petition promptly.

(c) Any petition to accept an unintentionally delayed payment of a maintenance fee filed under paragraph (a) of this section must be filed within twenty-four months after the six-month grace period provided in § 1.362(e) and must include:

(1) the required maintenance fee set forth in § 1.20 (e)-(g);

(2) the surcharge set forth in § 1.20(i)(2); and

(3) a statement that the delay in payment of the maintenance fee was unintentional.

(d) Any petition under this section must be signed by an attorney or agent registered to practice before the Patent and Trademark Office, or by the patentee, the assignee, or other party in interest.

(e) Reconsideration of a decision refusing to accept a maintenance fee upon petition filed pursuant to paragraph (a) of this section may be obtained by filing a petition for reconsideration within two months of, or such other time as set in the decision refusing to accept the delayed payment of the maintenance fee. Any such petition for reconsideration must be accompanied by the petition fee set forth in § 1.17(f). After the decision on the petition for reconsideration, no further reconsideration or review of the matter will be undertaken by the Director. If the delayed payment of the maintenance fee is not accepted, the maintenance fee and the surcharge set forth in § 1.20(i) will be refunded following the decision on the petition for reconsideration, or after the expiration of the time for filing such a petition for reconsideration, if none is filed. Any petition fee under this section will not be refunded

unless the refusal to accept and record the maintenance fee is determined to result from an error by the Patent and Trademark Office.

37 CFR 1.378(a) provides that the Director of the Office may accept the payment of any maintenance fee due on a patent based on an expiration of the patent if, upon petition, the delay in payment of the maintenance fee is shown to the satisfaction of the Director of the Office to have been unavoidable or unintentional. The appropriate surcharge set forth in § 1.20(i) must be paid as a condition of accepting payment of the maintenance fee. The surcharges set at 37 CFR 1.20(i) are established pursuant to 35 U.S.C. 41(c) and, therefore, are not subject to small entity provisions of 35 U.S.C. 41(h). No separate petition fee is required for this petition. If the Director of the Office accepts payment of the maintenance fee upon petition, the patent shall be considered as not having expired but will be subject to the intervening rights and provisions of 35 U.S.C. 41(c)(2).

Any petition under 37 CFR 1.378(b) or (c) should be marked on the front page of the communication to the attention of the Office of Petitions and addressed as follows:

Mail Stop Petition
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

Any petition under 37 CFR 1.378 must be signed by an attorney or agent registered to practice before the U.S. Patent and Trademark Office, or by the patentee, the assignee, or other party in interest. A person or organization whose only responsibility insofar as the patent is concerned is the payment of a maintenance fee is not a party in interest for purposes of 37 CFR 1.378. If the petition is signed by a person not registered to practice before the Office, the petition must indicate that the person signing the petition is the patentee, assignee, or other party in interest. An assignee must comply with the requirements of 37 CFR 3.73(b) which is discussed in MPEP § 324.

37 CFR 1.378(e) provides a mechanism for obtaining reconsideration of a decision refusing to accept a maintenance fee upon petition filed pursuant to paragraph (a). This mechanism is a petition for reconsideration which may be filed within 2 months of, or such other time as set in, the decision refusing to accept the delayed payment of the maintenance fee. In contrast to petitions filed under paragraph (a), the petition for reconsideration requires the petition fee set forth in 37 CFR 1.17(f). After a decision on the petition for reconsideration, no further reconsideration or review of the matter will be undertaken by the Director of the Office. The maintenance fee and the surcharge submitted will be refunded if the delayed payment of the maintenance fee is not accepted. The refund will be made following the decision on the petition for reconsideration, or after the expiration of the time for filing such a petition for reconsideration, if none is filed. The petition fee for filing a petition for reconsideration will not be refunded unless, on reconsideration, the refusal to accept and record the maintenance fee is determined to result from an error by the Office.

## I. UNAVOIDABLE DELAY

37 CFR 1.378(b) provides that a patent may be reinstated at any time following expiration of the patent for failure to timely pay a maintenance fee. A petition to accept late payment of a maintenance fee, where the delay was unavoidable, must include:

(A) the required maintenance fee set forth in 37 CFR 1.20(e)-(g);

(B) the surcharge set forth in 37 CFR 1.20(i)(1); and

(C) a showing that the delay was unavoidable since reasonable care was taken to ensure that the maintenance fee would be paid timely and that the petition was filed promptly after the patentee was notified of, or otherwise became aware of, the expiration of the patent.

The required showing must enumerate the steps taken to ensure timely payment of the maintenance fee, the date and the manner in which patentee became aware of the expiration of the patent, and the steps taken to file the petition promptly. Furthermore, an adequate showing requires a statement by all persons with direct knowledge of the cause of the delay, setting forth the facts as they know them. Copies of all documentary evidence referred to in a statement should be furnished as exhibits to the statement.

As language in 35 U.S.C. 41(c)(1) is identical to that in 35 U.S.C. 133 (i.e., "unavoidable") a late maintenance fee for the unavoidable delay standard is considered under the same standard for reviv-

Case 3:10-cv-00693-JPG-CJP   Document 20-11   Filed 12/06/10   Page 16 of 28

ing an abandoned application under 35 U.S.C. 133. See *Ray v. Lehman*, 55 F.3d 606, 608-09, 34 USPQ2d 1786, 1787 (Fed. Cir. 1995) (quoting *In re Patent No. 4,409,763*, 7 USPQ2d 1798, 1800 (Comm'r Pat. 1988), *aff'd sub nom. Rydeen v. Quigg*, 748 F. Supp. 900, 16 USPQ2d 1876 (D.D.C. 1990), *aff'd*, 937 F.2d 623 (Fed. Cir. 1991) (table), *cert. denied*, 502 U.S. 1075 (1992)). See MPEP § 711.03(c) for a general discussion of the "unavoidable" delay standard.

As 35 U.S.C. 41(b) requires the payment of fees at specified intervals to maintain a patent in force, rather than some response to a specific action by the Office under 35 U.S.C. 133, a reasonably prudent person in the exercise of due care and diligence would have taken steps to ensure the timely payment of such maintenance fees. *Ray*, 55 F.3d at 609, 34 USPQ2d at 1788. That is, an adequate showing that the delay in payment of the maintenance fee at issue was "unavoidable" within the meaning of 35 U.S.C. 41(c) and 37 CFR 1.378(b)(3) requires a showing of the steps taken to ensure the timely payment of the maintenance fees for this patent. *Id.* Thus, where the record fails to disclose that the patentee took reasonable steps, or discloses that the patentee took no steps, to ensure timely payment of the maintenance fee, 35 U.S.C. 41(c) and 37 CFR 1.378(b)(3) preclude acceptance of the delayed payment of the maintenance fee under 37 CFR 1.378(b).

In view of the requirement to enumerate the steps taken to ensure timely payment of the maintenance fee, the patentee's lack of knowledge of the need to pay the maintenance fee and the failure to receive the Maintenance Fee Reminder do not constitute unavoidable delay. See *Patent No. 4,409,763, supra*. See also Final Rule entitled "Final Rules for Patent Maintenance Fees," published in the *Federal Register* at 49 *Fed. Reg.* 34716, 34722-23 (August 31, 1984), and republished in the *Official Gazette* at 1046 *Off. Gaz. Pat. Office* 28, 34 (September 25, 1984). Under the statutes and rules, the Office has no duty to notify patentees of the requirement to pay maintenance fees or to notify patentees when the maintenance fees are due. It is solely the responsibility of the patentee to assure that the maintenance fee is timely paid to prevent expiration of the patent. The lack of knowledge of the requirement to pay a maintenance fee and the failure to receive the Maintenance Fee Reminder will

not shift the burden of monitoring the time for paying a maintenance fee from the patentee to the Office.

Thus, evidence that despite reasonable care on behalf of the patentee and/or the patentee's agents, and reasonable steps to ensure timely payment, the maintenance fee was unavoidably not paid, could be submitted in support of an argument that the delay in payment was unavoidable. For example, an error in a docketing system could possibly result in a finding that a delay in payment was unavoidable if it were shown that reasonable care was exercised in designing and operating the system and that the patentee took reasonable steps to ensure that the patent was entered into the system to ensure timely payment of the maintenance fees.

## II.  UNINTENTIONAL DELAY

Under 35 U.S.C. 41(c)(1), the Director of the Office may accept late payment of any maintenance fee filed within 24 months after the 6-month grace period, if the delay in payment is shown to the satisfaction of the Director of the Office to have been unintentional. See MPEP § 711.03(c) for a general discussion of the "unintentional" delay standard.

In addition to the timeliness deadline set forth in the preceding paragraph, a petition filed under the unintentional standard of 37 CFR 1.378(c) must include:

(A) the required maintenance fee set forth in 37 CFR 1.20 (e) through (g);

(B) the surcharge for an unintentionally expired patent as set forth in 37 CFR 1.20(i)(2); and

(C) a statement that the delay in payment of the maintenance fee was unintentional.

A person seeking reinstatement of an expired patent should not make a statement that the delay in payment of the maintenance fee was unintentional unless the entire delay was unintentional, including the period from discovery that the maintenance fee was not timely paid until payment of the maintenance fee. For example, a statement that the delay in payment of the maintenance fee was unintentional would not be proper when the patentee becomes aware of an unintentional failure to timely pay the maintenance fee and then intentionally delays filing a petition for reinstatement of the patent under 37 CFR 1.378.

>Petitions to accept unintentionally delayed payment of a maintenance fee in an expired patent can be

processed electronically, and immediately, by the applicant using the EFS-Web SB/66 form found on the USPTO forms webpage at http://www.uspto.gov/web/forms/index.html#patent. An immediate decision regarding the petitions will be rendered. The EFS-Web SB/66 form should <u>not</u> be used if applicant wishes the petition to be processed by the Office of Petitions.

If applicant does not want immediate processing, but would prefer to submit the petition to the Office of Petitions for processing in due course, applicant should use PTO/SB/66 form found on the USPTO forms webpage at http://www.uspto.gov/web/forms/index.html#patent.<

## 2591 Intervening Rights in Reinstated Patents

Intervening rights in reinstated patents are provided by 35 U.S.C. 41(c)(2) which is reproduced in MPEP § 2501. No patent, the term of which has been maintained as a result of the acceptance of a late payment of a maintenance fee, shall abridge or affect the right of any person or his or her successors in business who made, purchased, imported, or used after the 6-month grace period but prior to the acceptance of the late maintenance fee anything protected by the patent, to continue the use or importation of, or to sell to others to be used or sold, the specific things made, purchased, imported, or used. A court before which such matter is in question may provide for the continued manufacture, use, importation, or sale of the thing made, purchased, imported, or used as specified, or for the manufacture, use, importation, or sale of which substantial preparation was made after the 6-month grace period but before the acceptance of the late maintenance fee, and it may also provide for the continued practice of any process, practiced, or for the practice of which substantial preparation was made, after the 6-month grace period but prior to the acceptance of the late maintenance fee, to the extent and under such terms as the court deems equitable for the protection of investments made or business commenced after the 6-month grace period but before the acceptance of the late maintenance fee.

## 2595 Forms [R-7]

The following forms are suggested when submitting a maintenance fee or establishing a fee address for maintenance fee purposes. "Maintenance Fee Transmittal Form," Form PTO/SB 45; and "'Fee Address' Indication Form," Form PTO/SB/47.

Form PTO/SB/125 ("Request for Customer Number") may be used to request a customer number. Form PTO/SB/66 ("Petition to Accept Unintentionally Delay Payment of Maintenance Fee in an Expired Patent (37 CFR 1.378(c))") may be used to file a petition under 37 CFR 1.378(c).

\*\*>

PTO/SB/45 (08-07)
Approved for use through 04/30/2009. OMB 0651-0016
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# MAINTENANCE FEE TRANSMITTAL FORM
### (Do not submit this form electronically via EFS-Web)

**Address to:**
**U.S. Patent and Trademark Office**
**P.O. Box 979070**
**St. Louis, MO 63197-9000**

   - OR -

**Fax to: 571-273-6500**

I hereby certify that this correspondence is being deposited with the United States Postal Service with sufficient postage as first class mail in an envelope addressed to "United States Patent and Trademark Office, P.O. Box 979070, St. Louis, MO 63197-9000" on _____

Signature _____.

Typed or printed name _____.

Enclosed herewith is the payment of the maintenance fee(s) for the listed patent(s).

1. ☐   A check for the amount of $ _____ for the full payment of the maintenance fee(s) and any necessary surcharge is enclosed.

2. ☐   Payment by credit card. Form PTO-2038 is enclosed.

3. ☐   The Director is hereby authorized to charge $ _____ to cover the payment of the fee(s) indicated below to Deposit Account No. _____.

4. ☐   The Director is hereby authorized to charge any deficiency in the payment of the required fee(s) or credit any overpayment to Deposit Account No. _____.

\* Information required by 37 CFR 1.366(c) (columns 1 & 2). Information requested under 37 CFR 1.366(d) (columns 3, 4, & 5)

| Item | Patent Number* <br> Column 1 | U.S. Application Number* <br> [e.g., 06/555,555] <br> Column 2 | Maintenance Fee Amount <br> (37 CFR 1.20 (e)-(g)) <br> Column 3 | Surcharge Amount <br> (37 CFR 1.20(h)) <br> Column 4 | Payment Year (select one below) <br> Column 5 | | |
|---|---|---|---|---|---|---|---|
| | | | | | 3.5 yrs | 7.5 yrs | 11.5 yrs |
| 1 | | | | | | | |
| 2 | | | | | | | |
| 3 | | | | | | | |
| 4 | | | | | | | |
| 5 | | | | | | | |

Subtotals: Columns 3 & 4

Total Payment     ☐ ____ additional sheets attached for listing additional patents.

**WARNING: Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on Form PTO-2038.**

Respectfully submitted, \*\*

Customer's Signature: _____

Customer's Name: _____

Telephone: _____     Registration Number, if applicable: _____

    Fax: _____

Note: All correspondence will be forwarded to the "Fee Address" or to the "Correspondence Address" if no "Fee Address" has been provided. See 37 CFR 1.363.
**Payment of small entity fee is appropriate if entity status still exists, see 37 CFR 1.27(g). To establish small entity status or to change status from small to large entity, a written assertion is required. See 37 CFR 1.27 and 1.33(b).**
\*\* WHERE MAINTENANCE FEE PAYMENTS ARE TO BE MADE BY AUTHORIZATION TO CHARGE A DEPOSIT ACCOUNT, BOTH THE NAME AND SIGNATURE OF AN AUTHORIZED USER ARE REQUIRED.

This collection of information is required by 37 CFR 1.366. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 5 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: United States Patent and Trademark Office, P.O. Box 979070, St. Louis, MO 63197-9000.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

Case 3:10-cv-00693-JPG-CJP  Document 20-11  Filed 12/06/10  Page 19 of 28

# Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1.  The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2.  A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3.  A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4.  A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5.  A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6.  A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7.  A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (*i.e.*, GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8.  A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9.  A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

Case 3:10-cv-00693-JPG-CJP  Document 20-11  Filed 12/06/10  Page 20 of 28

PTO/SB/47 (09-06)
Approved for use through 04/30/2009. OMB 0651-0016
U.S. Patent and Trademark Office; U. S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# "FEE ADDRESS" INDICATION FORM

| Address to: | |
| --- | --- |
| **Mail Stop M Correspondence**<br>**Commissioner for Patents**<br>**P.O. Box 1450**<br>**Alexandria, VA 22313-1450** | **Fax to:**<br>**571-273-6500** |

*- OR -* (between the two)

**INSTRUCTIONS:** The issue fee must have been paid for application(s) listed on this form. In addition, only an address represented by a Customer Number can be established as the fee address for maintenance fee purposes (hereafter, fee address). A fee address should be established when correspondence related to maintenance fees should be mailed to a different address than the correspondence address for the application. **When to check the first box below:** If you have a Customer Number to represent the fee address. **When to check the second box below:** If you have no Customer Number representing the desired fee address, in which case a completed Request for Customer Number (PTO/SB/125) must be attached to this form. For more information on Customer Numbers, see the Manual of Patent Examining Procedure (MPEP) § 403.

For the following listed application(s), please recognize as the "Fee Address" under the provisions of 37 CFR 1.363 the address associated with:

☐   Customer Number: [ _____ ]

    *OR*

☐   The attached Request for Customer Number (PTO/SB/125) form.

| PATENT NUMBER<br>(if known) | APPLICATION NUMBER |
| --- | --- |
| | |
| | |

Completed by (check one):

☐ Applicant/Inventor

                 _____
                       Signature

☐ Attorney or Agent of record _____
                    (Reg. No.)
                       Typed or printed name

☐ Assignee of record of the entire interest. See 37 CFR 3.71.
    Statement under 37 CFR 3.73(b) is enclosed.
    (Form PTO/SB/96)
                       Requester's telephone number

☐ Assignee recorded at Reel _____ Frame_____

                       Date

NOTE: Signatures of all the inventors or assignees of record of the entire interest or their representative(s) are required. Submit multiple forms if more that one signature is required, see below*.

☐   * Total of _____ forms are submitted.

This collection of information is required by 37 CFR 1.363. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 5 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Mail Stop M Correspondence, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

## Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (*i.e.*, GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

Case 3:10-cv-00693-JPG-CJP Document 20-11 Filed 12/06/10 Page 22 of 28

PTO/SB/125A (01-06)
Approved for use through 12/31/2008. OMB 0651-0035
U.S. Patent and Trademark Office, U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| **Request for Customer Number** | **Address to:**<br><br>Mail Stop CN<br>Commissioner for Patents<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 |
|---|---|

To the Commissioner for Patents
Please assign a Customer Number to the Address indicated below.

| Firm or Individual Name | |
|---|---|
| Address | |

| City | | State | | Zip | |
|---|---|---|---|---|---|

| Country | |
|---|---|
| Telephone | | Email | |

Please associate the following practitioner registration number(s) with the Customer Number assigned to the Address cited above.

☐ Additional practitioner registration numbers are listed on supplemental sheet(s) attached hereto.

**Request Submitted by:**

| Firm Name (if applicable) | |
|---|---|
| Signature | |
| Name of person submitting request | | Date | |
| Registration Number, if applicable | | Telephone Number | |

This collection of information is required by 37 CFR 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Mail Stop CN, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

PTO/SB/125B (01-06)
Approved for use through 12/31/2008. OMB 0651-0035
U.S. Patent and Trademark Office, U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| Request for Customer Number | Practitioner Registration Number Supplemental Sheet |
|---|---|
|  | Page              of              Pages |

Please associate the following practitioner registration number(s) with the Customer Number assigned to the Address cited on Request for Customer Number form attached.

| Firm Name |  |
|---|---|

| Date |  | ☐ Additional supplemental sheets(s) attached hereto |
|---|---|---|

This collection of information is required by 37 CFR 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Mail Stop CN, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

Case 3:10-cv-00693-JPG-CJP Document 20-11 Filed 12/06/10 Page 24 of 28

## Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (*i.e.*, GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

Case 3:10-cv-00653-JPG-CJP  Document 20-11  Filed 12/06/10  Page 25 of 28

PTO/SB/66 (10-05)
Approved for use through 05/31/2006. OMB 0651-0016
U.S. Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PETITION TO ACCEPT UNINTENTIONALLY DELAYED PAYMENT OF MAINTENANCE FEE IN AN EXPIRED PATENT (37 CFR 1.378(c)) | Docket Number (Optional) |
|---|---|

Mail to: Mail Stop Petition
       Commissioner for Patents
       P.O. Box 1450
       Alexandria, VA 22313-1450
       Fax: (571) 273-8300

NOTE: If information or assistance is needed in completing this form, please contact Petitions Information at (571) 272-3282.

Patent No. _____ Application Number _____

Issue Date _____ Filing Date _____

CAUTION:   Maintenance fee (and surcharge, if any) payment must correctly identify: (1) the patent number (or reissue patent number, if a reissue) and (2) the application number of the actual U.S. application (or reissue application) leading to issuance of that patent to ensure the fee(s) is/are associated with the correct patent. 37 CFR 1.366(c) and (d).

**Also complete the following information, if applicable**

The above - identified patent:

☐  is a reissue of original Patent No. _____, original issue date _____ ;
    original application number _____ ,
    original filing date _____ .

☐  resulted from the entry into the U.S. under 35 U.S.C. 371 of international
    application _____ filed on _____ .

### CERTIFICATE OF MAILING (37 CFR 1.8(a))

I hereby certify that this paper (along with any paper referred to as being attached or enclosed) is being deposited with the United States Postal Service on the date shown below with sufficient postage as first class mail in an envelope addressed to Mail Stop Petition, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450, or facsimile transmitted to the U.S. Patent and Trademark Office on the date shown below.

_____      _____
       Date                           Signature

_____
Typed or printed name of person signing Certificate

[Page 1 of 3]
This collection of information is required by 37 CFR 1.378(c). The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 1 hour to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Mail Stop Petition, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PTO/SB/66 (10-05)
Approved for use through 05/31/2006. OMB 0651-0016
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

1. **SMALL ENTITY**

   ☐ Patentee claims, or has previously claimed, small entity status. See 37 CFR 1.27.

2. **LOSS OF ENTITLEMENT TO SMALL ENTITY STATUS**

   ☐ Patentee is no longer entitled to small entity status. See 37 CFR 1.27(g).

3. **MAINTENANCE FEE  (37 CFR 1.20(e)-(g))**

   The appropriate maintenance fee must be submitted with this petition, unless it was paid earlier.

| | NOT Small Entity | | | Small Entity | |
|---|---|---|---|---|---|
| Amount | Fee | (Code) | Amount | Fee | (Code) |
| ☐ $_____ | 3 1/2 yr fee | (1551) | ☐ $_____ | 3 1/2 yr fee | (2551) |
| ☐ $_____ | 7 1/2 yr fee | (1552) | ☐ $_____ | 7 1/2 yr fee | (2552) |
| ☐ $_____ | 11 1/2 yr fee | (1553) | ☐ $_____ | 11 1/2 yr fee | (2553) |

MAINTENANCE FEE BEING SUBMITTED $_____

4. **SURCHARGE**

   The surcharge required by 37 CFR 1.20(i)(2) of $_____ (Fee Code 1558) must be paid as a condition of accepting unintentionally delayed payment of the maintenance fee.

   SURCHARGE BEING SUBMITTED $_____

5. **MANNER OF PAYMENT**

   ☐ Enclosed is a check for the sum of $_____.

   ☐ Please charge Deposit Account No._____the sum of $_____. A duplicate copy of this authorization is attached.

   ☐ Payment by credit card. Form PTO-2038 is attached.

6. **AUTHORIZATION TO CHARGE ANY FEE DEFICIENCY**

   ☐ The Director is hereby authorized to charge any maintenance fee, surcharge or petition deficiency to Deposit Account No._____. A duplicate copy of this authorization is attached.

[Page 2 of 3]

PTO/SB/66 (10-05)
Approved for use through 05/31/2008. OMB 0651-0016
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number

### 7. OVERPAYMENT

As to any overpayment made please

**OR** ☐ Credit to Deposit Account No._____.

☐ Send refund check.

### WARNING:

Petitioner/applicant is cautioned to avoid submitting personal information in documents filed in a patent application that may contribute to identity theft. Personal information such as social security numbers, bank account numbers, or credit card numbers (other than a check or credit card authorization form PTO-2038 submitted for payment purposes) is never required by the USPTO to support a petition or an application. If this type of personal information is included in documents submitted to the USPTO, petitioners/applicants should consider redacting such personal information from the documents before submitting them to the USPTO. Petitioner/applicant is advised that the record of a patent application is available to the public after publication of the application (unless a non-publication request in compliance with 37 CFR 1.213(a) is made in the application) or issuance of a patent. Furthermore, the record from an abandoned application may also be available to the public if the application is referenced in a published application or an issued patent (see 37 CFR 1.14). Checks and credit card authorization forms PTO-2038 submitted for payment purposes are not retained in the application file and therefore are not publicly available.

### 8. STATEMENT

The delay in payment of the maintenance fee to this patent was unintentional.

### 9. PETITIONER(S) REQUEST THAT THE DELAYED PAYMENT OF THE MAINTENANCE FEE BE ACCEPTED AND THE PATENT REINSTATED.

_____          _____
Signature(s) of Petitioner(s)                                      Date

_____          _____
Typed or printed name(s)                           Registration Number, if applicable

_____
Telephone Number

_____
Address

_____
Address

37 CFR 1.378(d) states: "Any petition under this section must be signed by an attorney or agent registered to practice before the Patent and Trademark Office, or by the patentee, the assignee, or other party in interest."

ENCLOSURES:

☐ Maintenance Fee payment

☐ Surcharge under 37 CFR 1.20(i)(2) (fee for filing the maintenance fee petition)

☐ _____

[Page 3 of 3]

Case 3:10-cv-00693-JPG-CJP   Document 20-11   Filed 12/06/10   Page 28 of 28

MANUAL OF PATENT EXAMINING PROCEDURE

## Privacy Act Statement

The **Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.