IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KATHY BRADLEY et al., ) | |
|       Plaintiffs, ) | |
| vs. ) | |
| ) | |
| INNER-TITE CORP., ) | |
| ) | CIVIL NO.  10-cv-00693-JPG-CJP |
|       Defendant. ) | |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

### I.  PLAINTIFFS FAIL TO STATE A CLAIM UNDER RULE 9(b)

The recent surge in case law makes it clear that a false patent marking complaint must meet the heightened pleading standard of Rule 9(b).[1]  Here, Plaintiff-Relators fail to plead their Section 292 Complaint with specificity and accordingly it must be dismissed. "Boilerplate and conclusory" Section 292 allegations will not survive a motion to dismiss and a plaintiff's complaint must allege facts that make their claim theoretically plausible. *United States ex rel. FLFMC, LLC v. William Bounds, Ltd.*, 2010 U.S. Dist. LEXIS 121727, *12 (W.D. Pa. Nov. 17, 2010); *see also Rao v. BP Prods. N. Am., Inc.*, 2006 U.S. Dist. LEXIS 95271 (D. Ill. 2006).

Plaintiffs claim that the element of knowledge is satisfied because Inner-Tite is a "sophisticated business entity" with "an in-house legal department (or . . . retained attorneys)" (complaint, ¶53, 54) and that the failure to pay patent maintenance fees demonstrates knowledge. *Id.* at ¶59.  While Plaintiffs argue that their six (6) other Section 292 actions are irrelevant, the fact that Plaintiffs merely copy and paste from their other complaints, strongly suggests that the Complaint is boilerplate.[2]

---

[1] Since Inner-Tite filed its original Motion to Dismiss, many courts have held that false marking complaints must meet the heightened Rule 9(b) pleading standard.  *Englehardt v. Costco Wholesale Corp.*, 2010 U.S. Dist. LEXIS 123499, *2-3 n.2 (D. Ill. Nov. 22, 2010; *Simonian v. Allergan, Inc.*, 2010 U.S. Dist. LEXIS 126026, *2-3 (D. Ill. Nov. 30, 2010); *Simonian v. Blistex, Inc.*, 2010 U.S. Dist. LEXIS 117058, *14-16 (D. Ill. Nov. 3, 2010) ;*United States ex rel. FLFMC, LLC v. William Bounds, Ltd.*, 2010 U.S. Dist. LEXIS 121727, *10-13 (W.D. Pa. Nov. 17, 2010).

[2] For example, comparing two of Plaintiff Kathy Bradley's recently filed complaints, the case at bar and *Bradley v. L'Oreal USA, Inc.*, 3:10-cv-00433-DRH –CJP (S.D. Ill. complaint filed June 14, 2010), it is clear that Plaintiffs' counsel

794326.1

Plaintiffs' summary regurgitation of allegations from already decided cases also supports the dismissal of this claim. As does their claim that the present allegations are sufficiently specific because they are identical to those pleaded by plaintiff-relator Thomas Simonian, who has recently filed forty (40) similar cases in the Northern District of Illinois, (Response at 9). On their face, these arguments firmly belie the conclusion that the particular facts in this case are specific, rather than mere boilerplate.

Although Plaintiffs liken their Complaint to many of those already successfully plead, these comparisons fall flat. Plaintiffs' Complaint fails to allege sufficient evidence of knowledge to survive the 9(b) standard. Further, a review of these cases show that they are distinguishable and that Plaintiffs do not sufficiently allege evidence of actual knowledge. For example in *Blistex, Inc.*, 2010 U.S. Dist. LEXIS at *12-13, the Court did not find that defendants possessed knowledge merely upon a showing of "sophistication." Instead, it considered this allegation with the additional allegations of motive that were pleaded. Plaintiffs' Complaint in the case at hand contains no such mention of motive and just generally alleges harm. Similarly, in *Simonian v. Cisco Sys.*, 2010 U.S. Dist. LEXIS at *5-6, the "sophisticated party" allegation was only sufficient to survive a motion to dismiss *when amended with facts* of defendant's "extensive patent portfolio, Cisco's automated-web-based patent tracking system, and the legal team Cisco has devoted to intellectual property matters." Similarly, the *Englehardt* court found that the "sophistication" allegations was only sufficient when coupled with defendant's long history of patent litigation, their internal compliance officer, and public statements by the defendant to invest in "protecting its intellectual property."

---

utilizes boilerplate complaints. Paragraphs 1 through 4 of each complaint are identical (with only changed party names). Many of the sections in *Inner-Tite* and *L'Oreal* are substantially similar, for example ¶¶11 and 9, and ¶¶13 and 10 respectively. Additionally, "the expired patents" sections, for example ¶¶17-18 compared to ¶¶12-13, are clearly boilerplate as only the patent numbers and products differ in each complaint.

2

Plaintiffs cannot turn their allegation of "sophistication," a guess at the reasoning behind allegedly unpaid maintenance fees, and a few webpages into a plausible inference of knowledge. As indicated by a more thorough examination of Simonian's complaints, Plaintiffs have failed to allege anything resembling a sufficient claim of knowledge to withstand dismissal.

## II.   SECTION 292 VIOLATES THE ARTICLE II TAKE CARE CLAUSE

Plaintiffs' argument that Section 292 is constitutional simply because *qui tam* actions have a long tradition in the American justice system should be summarily rejected. Section 292 is radically different from the traditional *qui tam* suits because in enacting section 292(b), Congress stripped the executive branch of its duty to "take Care that the Laws be faithfully executed" by giving such power to the public.

Plaintiffs' next argue that the holding in *Stauffer v. Brooks Brothers* demonstrates that the government's "right to intervene" is sufficiently protected. Plaintiffs confuse the "right to intervene" with the "right to appeal." This case shows just the opposite -- that the government has no right to intervene and, instead, its intervention is subject to the discretion of the Court. *Stauffer* does nothing to prevent a trial court from once again denying governmental intervention in a false marking suit.

Plaintiffs' argument that the *Zojo* court's decision to side step the Take Care Clause issue amounts to the finding that Section 292 is constitutional is also baseless. In that case, the Northern District specifically acknowledged that the Article II issue that Inner-Tite (and other Defendants) has raised has not been specifically addressed and remains unresolved by the Federal Circuit. *Zojo Solutions, Inc. v Stanely Works,* 712 F.Supp 2d 756, 757.

Finally, this Court should reject Plaintiffs suggestion that the trial court's reasoning in *Pequignot v. Solo Cup,* 640 F. Supp 2d 714 (E.D. Va. 2009)("*Solo Cup I*") was proper and should be followed here. In *Solo Cup I*, the trial court found that Section 292 was constitutional based

3

upon (1) various appellate court decisions finding the ***False Claims Act*** valid, (2) the finding that the control mechanisms in *Morrison v. Olson*, 487 U.S. 654 (1988)[3] of the ***False Claims Act*** were satisfied under Section 292 because the government was notified of the lawsuit when the clerk sent notice to the United States Patent Trademark Office, (3) the historical fact that private relator actions existed at the time the Constitution was drafted, and (4) the finding that that multiple lawsuit exposure for a defendant was purely hypothetical. *See Solo Cup I*, 640 F. Supp. 2d at 724-28.

*Solo Cup I* was subsequently reversed on other grounds and Inner-Tite respectfully submits that it's analysis on the Article II issue was incorrect and should be rejected by this Court. As pointed out in *Vermont Agency of Natural Res. v. United States,* 529 U.S. 765 (U.S. 2000), the Supreme Court found that while the False Claims Act satisfied requirements for Article III standing, the Article II issue was moot and, therefore, remained unanalyzed. Thus, *Solo Cup I's* references to the Article II analysis of the False Claims Act is merely dicta.

As noted in Inner-Tite's opening brief, the False Claims Act is substantially different from a Section 292 claim. In a complaint brought under the False Claims Act, the government has the power to take over the entire case at the very start as ***a matter of right***, pursuant to 31 U.S.C. 3703(b), or anytime afterwards with a showing of good cause, 31 U.S.C. 3703(c). Although Plaintiffs and *Solo Cup I* argue that the notice required from the clerks of the courts under 35 U.S.C. 290 constitutes intervention, it does not. Section 292 contains no such precautionary mechanism. The statute merely requires the Director of the United States Patent Trademark Office to "enter the same in the file of such patent," and this notice is not given to any individual representing the government's interest in litigation. No matter which way Plaintiffs paint it, even mandated notice does not equate to and thus satisfy the right to intervene.

---

[3] In *Morrison* the Supreme Court outlined the specific instances in which the government's power to enforce the laws may be privately delegated. The Court noted that utilizing counsel independent of the Executive Branch is allowed only in instances in which the Executive branch retains sufficient control to allow it to faithfully fulfill its obligation to execute the laws. *Morrison*, 487 U.S. at 696.

794326.1

The fact that *qui tam* actions existed the time of America's first Congress is also irrelevant. Many of our founding father's arguments have been overturned.  The cases *Marbury v. Madison,* 5 U.S. 137 (1803) (striking Judiciary Act of 1789 as an unconstitutional violation of the separation of powers) and *Marsh v. Chambers*, 463 U.S. 783, 814 n.30 (1983) (Brennan, J., dissenting)(noting the same Congress that adopted the Fourteenth Amendment adopted a law allowing public school segregation) are sufficient to demonstrate that history is not controlling.

Notably, the reference in *Solo Cup I* that multiple Section 292 lawsuits against one defendant is purely hypothetical is no longer true.  Time has revealed otherwise and turned the hypothetical into reality.[4] *Solo Cup I* actually illustrates the inherent Article II Take Care Clause issue with Section 292.

While the trial court found that a Section 292 protective order may be obtained under Rule 26(c) "if the relator's action interferes with a government investigation or prosecution." *Solo Cup I*, 640 F. Supp. 2d at 728.  This "if" showcases the intrinsic separation of powers issue at play because a Rule 26(c) protective order is merely discretionary. The argument that Rule 41(a) grants protection to government interest is also illusionary as the relator must *also* grant approval for dismissal. Thus, if the government successfully intervenes, they cannot prevent prosecution, even in situations where no Section 292 violation may have occurred. The fundamentals of the Take Care Clause are dashed under Section 292 as the government maintains absolutely no prosecutorial discretion or power under a false marking claim.

The Court must address this constitutional issue and dismiss Relator Plaintiffs' Complaint in order to protect the fundamentals of the Article II Take Care Clause.

---

[4]  For example, Stanley Black & Decker has been sued twice for false marking in both the Northern District of Illinois and the Northern District of Ohio.  *See Zojo Solutions, Inc.* 712 F. Supp. 2d 756 *and  Perfection Product Management, LLC v. Stanley Works*, case no. 5:10-cv-00452 (N.D. Ohio complaint filed March 3, 2010); *see also Bradley v. L'Oreal USA, Inc.*, 3:10-cv-00433-DRH –CJP (S.D. Ill. complaint filed June 14, 2010) *and Simonian v. L'Oreal USA Creative, Inc.*, No. 10 C 1345 (N.D. Ill. complaint filed February 26, 2010) (both *qui tam* actions for the same mascara, patent no. 4,877,622).

                                              Respectfully submitted,

                                              INNER-TITE CORP.

                                              By: */s/ Rebecca M. Rothmann*
                                                   One of its attorneys

Daniel J. McMahon
Rebecca M. Rothmann
Martha N. Reggi
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
55 W. Monroe St.
Suite 3800
Chicago, IL 60603
312-704-0550

## CERTIFICATE OF SERVICE

      I hereby certify that on the 20th day of December, 2010, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operations of the Court's electronic filing systems to all parties indicated on the electronic filing receipt. All other parties will be served by Regular U. S. Mail. Parties may access this filing through the Court's System.

                                              */s/ Rebecca M. Rothmann*
                                              Rebecca M. Rothmann
                                              *Attorney for Defendant*
                                              Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
                                              55 W. Monroe St.
                                              Suite 3800
                                              Chicago, IL 60603
                                              312-704-0550

794326.1