UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

KATHY BRADLEY, LOIS HESS,
and KAY KLAUSNER,

       Plaintiffs,

  v.

INNER-TITE CORPORATION,              Case No. 10-cv-693-JPG-SCW

       Defendant,

  v.

UNITED STATES OF AMERICA,

       Intervenor.

## MEMORANDUM AND ORDER

       This matter comes before the Court on Defendant Inner-Tite Corporation's ("Inner-Tite") Motion to Stay (Doc. 45).  Specifically, Inner-Tite asks the Court to stay these proceedings in light of recent and impending judicial and legislative developments.  The time for a response has yet to lapse, yet neither Plaintiffs nor Intervenor need file one.

       There have been several interesting judicial developments in the arena of *qui tam* actions for false patent marking.  On July 7, 2011, the Federal Circuit Court of Appeals, whose decisions are binding on this Court, is set to hear oral arguments in *United States ex rel. FLFMC, LLC v. Wham-O, Inc.*, No. 2011-1067 (Fed. Cir. filed Nov. 16, 2010).  The *Wham-O* District Court dismissed a false patent marking action for lack of standing and, by implication, subject matter jurisdiction because the plaintiff did not suffer injury-in-fact.  *United States ex rel. FLFMC, LLC v. Wham-O, Inc.*, No. 10-cv-435, 2010 WL 3156162, at *7-9 (W.D. Pa. Aug. 3, 2010).  The Federal Circuit's looming opinion in *Wham-O* may require the immediate dismissal of this action and, in any event, will provide tremendous guidance as to False Claims Act suits, which have

flooded the country's district courts in recent months. And, the Court can think of no notable prejudice or hardship that Plaintiffs will suffer due to a temporary stay of this action. For these reasons, a stay is certainly warranted. *Smith v. Merck & Co., Inc.*, No. 06-cv-931-DRH, 2006 WL 3842190, at *1 (S.D. Ill. Dec. 29, 2006) ("In considering a motion for stay, courts consider both the interest of judicial economy and the potential prejudice or hardship to the parties.").

In addition, the Court notes that appellate briefing will be completed in September in *Unique Product Solutions, Ltd. v. Hy-Grade Valve, Inc.*, No. 2011-1254 (Fed. Cir. filed Mar. 2011). The *Unique Product* District Court ruled that the *qui tam* provision of the false patent marking statute is unconstitutional. *Unique Prod. Solutions, Ltd. v. Hy-Grade Valve, Inc.*, No. 10-cv-1912, 2011 WL 924341, at *2-4 (N.D. Ohio Mar. 14, 2011). Of course, if the Federal Circuit affirms this holding, it may well prove dispositive of the merits of this case. And, even if it does not so rule, the Federal Circuit's decision will act as binding precedent on this Court.

Being fully advised of the premises and for good cause shown, the Court finds that considerations of judicial economy and potential prejudice to Inner-Tite dictate that this matter should be stayed. Accordingly, the Court **GRANTS** Inner-Tite's Motion to Stay (Doc. 45). The Court hereby **STAYS** all proceedings in this litigation until the Federal Circuit issues its opinion and mandate in *Wham-O*. Further, the Court **ORDERS** Inner-Tite to file a report on the status of the *Wham-O* appeal during the month of September every year and within 30 days after the Federal Circuit issues its mandate.

**IT IS SO ORDERED.**
**DATED: June 16, 2011**

                                                                                 s/ J. Phil Gilbert
                                                                                 **J. PHIL GILBERT**
                                                                                  **DISTRICT JUDGE**